**Levie STEWARD, Petitioner–Appellant,**

v.

**Jerry D. GILMORE, Respondent–Appellee.**

No. 93–3460.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 22, 1995.

Decided April 5, 1996.

---

Thomas J. Cunningham (argued), Smith, Williams & Lodge, Chicago, IL, for Petitioner–Appellant.

Bradley P. Halloran (argued), Office of the Attorney General, Chicago, IL, for Respondent–Appellee.

Before BAUER, CUDAHY, and RIPPLE, Circuit Judges.

CUDAHY, Circuit Judge.

Levie Steward appeals the denial of his habeas corpus petition, in which he alleges ineffective assistance of trial, appellate and post-conviction counsel; invalidity of his guilty plea; cruel and unusual punishment; and judicial misconduct. From our review of the record, it appears that Steward may have had a colorable claim of ineffective assistance of counsel for failure to raise a patently meritorious state law claim. However, because this claim was not brought to the attention of the state courts, it may not be considered here. Therefore, we affirm the judgment of the district court with respect to the issues raised by Steward there.

I. Procedural History

A. Original State Court Proceedings

Steward's case has followed a long and tortuous path through the state courts and indigent defense system. On November 29, 1979, Steward pleaded guilty to murder, armed robbery and armed violence. He was

represented in those proceedings by a public defender, George Miranda. On January 28, 1980, Steward was sentenced to an eighty-year "extended sentence" pursuant to Ill. Rev.Stat. ch. 38, para. 1005–8–2 (now at 730 ILCS 5–8–2 with modified minimum and maximum sentences):

Extended Term. (a) A judge shall not sentence an offender to a term of imprisonment in excess of the maximum sentence authorized ... for the class of the most serious offense of which the offender was convicted unless the factors in aggravation ... were found to be present. Where the judge finds that such factors were present, he may sentence an offender to the following:

(1) for first degree murder, a term shall be not less than 40 years and not more than 80 years;

...

(b) *If the conviction was by plea, it shall appear on the record that the plea was entered with the defendant's knowledge that a sentence under this Section was a possibility. If it does not so appear on the record, the defendant should not be subject to such a sentence unless he is first given an opportunity to withdraw his plea without prejudice.*

(Emphasis added.)

Before entering his guilty plea, Steward was not admonished by the trial court that an extended term sentence was a possibility in his case. In fact, Steward contends that Miranda told him that the prosecution and the court had agreed to impose a twenty-year sentence on him in exchange for his guilty plea.

On February 27, 1980, Miranda filed on Steward's behalf a notice of appeal from Steward's conviction and sentence. Pet.App. at A–43. On the same day, in response to a January 30, 1980 letter from Steward, the State Appellate Defender's office filed a motion in the trial court to vacate Steward's guilty plea. Pet.App. at A738. The motion was filed without specifying the grounds on

which Steward intended to rely, stating that an amended motion would be filed after counsel had been appointed. No amended motion was ever filed. A hearing was held on the motion on March 10, 1980, at which the motion was summarily denied. Steward was neither present nor represented at the hearing and no argument was presented on his behalf on the motion. Pet.App. at A940 & 47. Steward filed a notice of appeal from the denial of his motion on March 20, 1980. In the notice of appeal he stated that "Miranda told [him] that the court and the State['s] [A]ttorney had agreed to give [him] a 20 year sentence if [he] did not say anything during [the] proceeding." Pet.App. at A–44. On July 7, 1981, Steward, with the assistance of the State Appellate Defender, moved the Illinois Appellate Court either for permission to file a late notice of appeal[1] or to remand the case to the trial court for rehearing of the motion to vacate the guilty plea. The motion also asked for the appointment of counsel to represent him at rehearing. The Illinois Appellate Court granted the motion. Pet.App. at A–45, 49.

At a hearing on October 23, 1981, both a motion to vacate Steward's guilty plea and a motion to reduce his sentence were presented. Marianne Jackson was appointed to represent Steward at that hearing. Jackson focused her argument on the request for a reduction of sentence. The limited colloquy regarding the motion to vacate the guilty plea proceeded as follows:

Ms. Jackson: I would bring to the Court's attention the fact that [at] the time Mr. Steward entered the guilty plea he was not advised of the fact that there was a possibility an enhanced sentence would be imposed.

The Court: He was told what sentence he was going to get, wasn't he?

Ms. Jackson: No, your Honor.

The Court: Wasn't this a plea of guilty?

Ms. Jackson: Yes, it was, a blind plea.

The Court: Okay. Fine.

---

**1.** It is unclear from the record what happened to Steward's March 20, 1981 *pro se* notice of appeal.

Mr. O'Connor [State's Attorney]: Judge, if I may put one thing on the record, in this particular case the Defendant was advised that the death penalty was one of the possible sentences. [Mr. O'Connor then proceeded to cite cases in support of the argument that the availability of the death penalty obviated the need to admonish a defendant regarding the maximum possible term of imprisonment.]

Hearing Tr., Pet.App. at A–55–56.

When the motion to vacate the guilty plea was denied, Jackson filed a notice of appeal. Pet.App. at A–59. On November 17, 1983, Jackson informed Steward that she saw no basis on which he could withdraw his plea. Pet.App. at A–62. She later filed an *Anders* brief and was granted permission to withdraw from the case. Pet.App. at A–63. In the *Anders* brief Jackson argued that, since Steward was admonished as to the possibility of a death sentence, he was not prejudiced by the failure to notify him of the extended sentence. *Anders* Br. at 14. Nowhere in her argument of the motion or in the *Anders* brief did Jackson raise the statutory directive that, if a defendant were not given prior notice of the possibility of an extended term, "the defendant shall not be subject to such a sentence unless he is first given an opportunity to withdraw his plea without prejudice." Ill.Rev.Stat. ch. 38, para. 1005–8–2. Indeed, in a letter to Steward, Jackson wrote:

[Y]ou have no basis for withdrawing the plea. There is nothing in the record to remotely suggest that the plea was involuntary. You should understand that one does not have a right to withdraw a guilty plea. There must be something you can point to, to suggest to the Court that it was error to accept the plea. Unfortunately, there is nothing in your case to help you.

Pet.App. at A–62.

Steward made no further *pro se* filings in the matter and the denial of the motion to vacate the plea was affirmed by the Illinois Appellate Court on August 13, 1984.

## B.  State Post–Conviction Proceedings

On January 27, 1987, Steward submitted a petition for post-conviction relief pursuant to Ill.Rev.Stat. ch. 38, para. 122–1 *et seq.* (1985). Pet.App. at A–64. The original copy of this petition was apparently misplaced and on April 28, 1987, Steward was asked to file another copy. Pet.App. at A–73. In his *pro se* post-conviction petition, Steward raised two claims: First, he argued that the failure of the trial court to admonish him about the possibility of an extended term sentence prior to accepting his guilty plea violated his right to procedural due process. He contended that the failure to notify him of the possibility of an extended sentence violated Illinois Supreme Court Rule 402(a)(2) (which requires that a defendant be apprised of the minimum and maximum sentence which might attend a guilty plea) and rendered his guilty plea not knowing and intelligent. Second, Steward argued that he was denied effective assistance of counsel when his trial attorney also failed to advise him of the possibility of an extended term sentence. He stated that he would not have pleaded guilty had he been aware of the possibility of the extended term sentence.

Public defender Allison Davidson was appointed to represent Steward in the post-conviction proceedings. Davidson filed a supplemental petition which stated: Petitioner alleges three constitutional violations:

(1)—The trial court failed to advise Petitioner that he was eligible for an extended term sentence—etc.

(2)—Ineffective assistance of trial counsel in that Petitioner was not advised that he was eligible for an extended term sentence—etc.

(3)—Trial Court failed to comply with Chapter 38, Section 1005–8–2(b) Ill. Rev. Statutes—etc.

Supp. Record, Exh. A.

The supplemental petition did not quote the statutory language requiring admonishment of the possibility of an extended sentence nor explain how a violation of the state extended term statute might implicate the federal constitution. The petition, however, did cite to *People v. Hoyer*, 100 Ill.App.3d

418, 55 Ill.Dec. 814, 426 N.E.2d 1139 (1981), for the proposition that under Illinois law "failure to admonish a defendant of the possibility of an extended term precludes the imposition of such a term." Supp. Record, Exh. A. On May 2, 1989, the State's Motion to Dismiss the post-conviction petition was heard and granted by the trial court. Pet. App. at A-8. No response to the State's Motion to Dismiss appears in the state court record and Davidson made no argument on Steward's behalf at the hearing. Tr. State Ct. Proceedings on May 2, 1989.

Steward filed a notice of appeal on May 12, 1989, apparently with Davidson's assistance. Pet.App. at A-79. Davidson informed Steward that he would be notified "in due time" of the identity of the attorney handling the appeal. Pet.App. at A-80. In September 1990, Steward wrote to the public defender's office requesting information about the status of his appeal. Pet.App. at A-81. On October 1, 1990, he was informed by the Illinois Appellate Court that his appeal had been dismissed for want of prosecution because no record had been filed. Pet.App. at A-82.

On November 20, 1990, the public defender's office filed a motion to reinstate the appeal. However, it appears that the record on appeal was never filed. Instead, on December 27, 1991, James Reddy, Chief of the Appeals Division of the Cook County Public Defender, filed a motion to withdraw as counsel for Steward in his post-conviction appeal. Pet.App. at A-97. Pursuant to *Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987), Reddy filed a brief in support of his motion to withdraw.

The entire "brief" read as follows:

## NATURE OF THE CASE

Mr. Steward filed a post-conviction petition, which was denied.

## STATEMENT OF FACTS

Defendant pleaded guilty to murder and was sentenced to 80 years. (C.5) He later filed a pro se postconviction petition, which was denied without a hearing. (C.5-11, 39)

## THE POST-CONVICTION PETITION WAS ERRONEOUSLY DENIED.

Defendant filed a pro se post-conviction petition. (C. 5-11) The petition fails to allege any constitutional violation at his guilty plea. *See People v. Cox,* 135 (sic) Ill.App.3d 623 [91 Ill.Dec. 140, 483 N.E.2d 422] (1985); *see also People v. Ehrler,* 8 Ill.App.3d 912 [290 N.E.2d 406] (1972). Therefore, there are no appealable issues in the case. *See Pennsylvania v. Finley,* 481 U.S. 551 [107 S.Ct. 1990, 95 L.Ed.2d 539] (1987).

Supp. Record, Exh. B.

The motion to withdraw was granted and the appeal denied by the Illinois Appellate Court on March 27, 1992. Supp. Record, Exh. C.

In April 1992, Steward filed a pro se petition for leave to appeal to the Illinois Supreme Court. Supp. Record, Exh. D. In that petition he complained that he had been denied effective assistance of trial, appellate and postconviction counsel, arguing that his appointed counsel at all levels failed to raise colorable claims regarding the trial court's failure to advise him of the possibility of an extended term sentence before accepting his guilty plea. At this juncture, for the first time in the post-conviction proceedings, Steward complained that his trial counsel led him to plead guilty by means of "an unfulfilled promise of 20 years." Supp. Record, Exh. D at 5. Steward also raised for the first time the issues of judicial misconduct and cruel and unusual punishment. The Illinois Supreme Court denied the Petition for Leave to Appeal on October 7, 1992. Pet. App. at A-83.

### C. Federal Habeas Corpus Petition

On January 8, 1993, Steward filed in the district court a *pro se* habeas corpus petition, which was denied on July 15, 1993. That denial of Steward's habeas petition is the subject of this appeal. In his petition, Steward alleged that he had received ineffective assistance of trial, appellate and post-conviction counsel; that he had received a fundamentally unjust trial; that the trial court abused its discretion by imposing an extended term sentence; and that the trial court

was guilty of judicial misconduct. Pet.App. at A–11. In particular, Steward argued that his trial counsel had been ineffective because he had represented to Steward that an agreement had been reached whereby Steward would receive a twenty-year sentence if he pleaded guilty. In addition, Steward complained that trial counsel had been ineffective because he failed to press the motion, based on the alleged agreement, to vacate Steward's sentence. Pet.App. at A–21–22. Further, Steward argued that his appellate counsel was ineffective for failing to argue that his trial counsel was ineffective and for failing to raise colorable issues with respect to his effort to vacate his plea. Pet.App. at A–23. Finally, Steward argued that his counsel on appeal in the state post-conviction proceedings was ineffective since he withdrew from the case and since he filed a motion to withdraw without consulting with Steward. Steward claimed that counsel should instead have raised the ineffectiveness of the trial and appellate counsel in his original case. Pet.App. at A–24–26. Steward also raised substantive issues with respect to his sentencing, Pet.App. at A–27–35, including the failure to admonish him according to the dictates of the extended term statute. He also claimed that the failure of his various appointed counsel to raise these issues constituted ineffective assistance. Pet.App. at A–27. Steward did not request appointment of counsel in the district court.

The district court ruled that Steward has procedurally defaulted the ineffective assistance claims by failing to raise them in the state courts and that, in any event, Steward would lose these claims on the merits. Mem. Op. at 4–8. The district court also ruled that Steward had not waived the argument that his guilty plea was invalid due to his lack of notice of the possibility of the extended term sentence. However, the district court found that, with respect to the validity of his sentence, the petition failed on the merits because his plea was sufficiently knowing and voluntarily given and that he was advised that he could receive the death penalty. Mem. Op. at 8–10. In addition, the district court ruled that the imposition of an eighty-year sentence for the armed robbery and murder which he committed did not violate

the Eighth Amendment proscription of cruel and unusual punishment. *Id.* at 10–11. Finally, the court held that Steward's claim of judicial misconduct had been procedurally defaulted. *Id.* at 12.

### D. Steward's Arguments in This Appeal

On appeal, Steward focuses on two major issues: First, he contends that he received ineffective assistance of counsel at all levels because of failure to rely on his purported agreement with the state prosecutor as grounds for vacating his guilty plea. In this respect, he argues that the issue of ineffective assistance of counsel was adequately presented to the state courts and that there was no procedural default. Second, he argues that the extended term sentence itself was unconstitutionally imposed.

## II. Analysis

### A. The Purported Agreement

According to Steward, Miranda told him that the state prosecutor and judge had agreed to a twenty-year sentence in exchange for Steward's plea. Steward argues that Miranda's failure to follow up on the government's breach of this agreement constituted ineffective assistance. The district court was correct in concluding that any claim of ineffective assistance based on the alleged agreement has been procedurally defaulted. While Steward did raise allegations of ineffective assistance of trial counsel in his state post-conviction petition, it was not until he filed his Petition for Leave to Appeal to the Illinois Supreme Court from the denial of that petition that he specifically cited the alleged agreement as a basis for the ineffective assistance claim. Thus the state courts were not advised of the factual basis for the claim except in a subsequent petition for discretionary review.

Federal habeas relief is available only when a petitioner has given the state courts a full and fair opportunity to review a claim, when there is cause and prejudice for the failure to raise the claim in state court or when the default would lead to a "fundamental miscarriage of justice." *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 2506–

07, 53 L.Ed.2d 594 (1977); *Jones v. Washington,* 15 F.3d 671, 675 (7th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 2753, 129 L.Ed.2d 870 (1994); *Mills v. Jordan,* 979 F.2d 1273, 1277–79 (7th Cir.1992). The fundamental miscarriage of justice exception requires a claim that the defendant be actually innocent of the crime for which he or she is imprisoned. *Sawyer v. Whitley,* 505 U.S. 333, 339, 112 S.Ct. 2514, 2518–19, 120 L.Ed.2d 269 (1992). Steward makes no such claim and thus has defaulted the issue of the purported agreement unless he can show either that the issue was fairly presented to the state courts or that he had cause for the default and suffered prejudice from the constitutional violation.

■ A claim has been fairly presented to a state court if a petitioner "has clearly informed the state court of the factual basis of that claim and has argued to the state court that those facts constituted a violation of the petitioner's constitutional rights." *Varnell v. Young,* 839 F.2d 1245, 1248 (7th Cir.1988). In his post-conviction petition Steward alleged that "trial counsel completely failed to communicate with petitioner in regard to the sentence that could have been received." Pet.App. at A–69. No mention was made of the alleged agreement on a twenty-year sentence. Since the state court was not informed of these factual grounds for the claim of ineffective assistance with respect to the agreement, there was no fair opportunity for the state court to consider the matter. The mention of "an unfulfilled promise of 20 years" in Steward's petition for discretionary Illinois Supreme Court review of his post-conviction petition was not sufficient to satisfy the requirement of presentment to the state courts. *Castille v. Peoples,* 489 U.S. 346, 350–51, 109 S.Ct. 1056, 1059–60, 103 L.Ed.2d 380 (1989).

■ Steward argues that, even if his claim of ineffective assistance with respect to the agreement was not properly presented to the state courts, the failure to preserve the issue was caused by the ineffective assistance of Steward's post-conviction counsel. Ineffective assistance of postconviction counsel is not itself a cognizable federal constitutional violation and may not serve as cause for a procedural default. *Finley,* 481 U.S. at 555, 107 S.Ct. at 1993; *Cawley v. DeTella,* 71 F.3d 691, 695–96 (7th Cir.1995); *Morrison v. Duckworth,* 898 F.2d 1298, 1300–01 (7th Cir. 1990).

■ In any event, the record makes it clear that Steward suffered no prejudice from failure to raise a claim regarding the alleged agreement. The transcript of Steward's guilty plea hearing dispels any suggestion that Steward was prejudiced by counsel's representations regarding the expected sentence. During the plea hearing, Steward was questioned extensively concerning his understanding of the ramifications of his plea. Supp.App. Exh. F at 6–9. The judge made it clear that no agreement had been reached about Steward's sentence and that even the death penalty remained a possibility. Steward was specifically asked prior to entering his plea, "Has anyone told you that the Court has made any determination as to what the Court sentence would be if you chose to plead guilty?" and "You understand that there is a possibility that the sentence in this case on your plea of guilty will be death?" In response to both questions Steward answered, "Yes." Steward participated in an extensive hearing to determine whether the death penalty would be imposed on him. He cannot now seriously argue that his plea of guilty was premised on an understanding that he would receive a twenty-year sentence. Any such misconception should have been adequately dispelled by the Court's admonitions prior to accepting his plea. Thus, Steward's procedural default of this issue is without consequence since failure to raise such a meritless claim could not possibly constitute ineffective assistance of counsel.

B. The Extended Sentence

Steward's habeas corpus petition also presented a claim that the imposition of the extended term sentence violated his rights to due process and to freedom from cruel and unusual punishment. The record does not disclose that, as a matter of state law, Steward was properly sentenced or that his apparent right to withdraw his plea was honored. It is not, however, our prerogative to interpret state law. Nonetheless, since com-

plaints about the extended term have been addressed to us, we believe that, before analyzing Steward's federal constitutional challenges to the sentence, we should put those complaints in context by reviewing Steward's passage through the state courts.

■ As already noted, the Illinois statute that authorizes extended term sentences requires that "if the conviction was by plea, it shall appear on the record that the plea was entered with the defendant's knowledge that a sentence under this Section was a possibility." Nowhere on the record does it appear that Steward's plea was entered with knowledge of the possibility of an extended sentence, nor was Steward given an opportunity to withdraw his plea. Indeed, his motion to withdraw his plea was denied. Illinois courts, both at the time Steward was sentenced and currently, follow a strict approach to the requirements of this provision. Failure to inform a defendant of the possibility of an extended term is error which requires that the sentence be vacated. *People v. Brownell*, 86 Ill.App.3d 697, 41 Ill.Dec. 882, 884, 408 N.E.2d 304, 306 (1980); *People v. Eisenberg*, 109 Ill.App.3d 98, 64 Ill.Dec. 707, 708, 440 N.E.2d 259, 260 (1982); *Hoyer*, 55 Ill.Dec. at 815–16, 426 N.E.2d at 1140–41; *People v. Mapps*, 198 Ill.App.3d 521, 144 Ill.Dec. 756, 555 N.E.2d 1275 (1990). Indeed, when an extended term is imposed which is not authorized by statute (as is the case if there is no admonition or if no opportunity to withdraw the plea is given when there has been no admonition) the excess sentence is considered a "void" judgment which may be attacked at any point in the appeals process. *Id.* 144 Ill.Dec. at 757, 555 N.E.2d at 1276.

■ The sentencing judge in Steward's case apparently did not comply with state law when he imposed the extended sentence without affording Steward the opportunity to withdraw his guilty plea. Although this deficiency is apparent from the face of the statute, Steward was unable to prevail on any of his appointed counsel to make a serious argument that his plea should be vacated. On the motion to vacate the guilty plea in the trial court, Steward's counsel failed to present the statutory directive that Steward be given an opportunity to withdraw the plea.

On appeal of the trial court's denial of Steward's motion, his attorney filed an *Anders* brief suggesting the absence of meritorious issues for appeal. Pursuant to *Anders*, of course, counsel is required to brief "anything in the record that might arguably support the appeal." *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967). The briefing must presumably be done from an advocacy perspective "where counsel acts in the role of an active advocate in behalf of [her] client, as opposed to that of amicus curiae." *Id.* The filing of an *Anders* brief that fails to point out meritorious issues can, in principle, constitute ineffective assistance. *See, e.g., Robinson v. Black*, 812 F.2d 1084 (8th Cir.1987), *cert. denied* 488 U.S. 985, 109 S.Ct. 541, 102 L.Ed.2d 571 (1988). The neglected claim need not be one of federal law. In fact, failure to raise a state law issue can, if such a failure falls outside the range of competent assistance, form a basis for an ineffective assistance claim under the federal constitution. *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir.1994).

Under the circumstances presented here, it certainly can be argued that Jackson's failure either to seriously argue this issue in the initial hearing on the motion to vacate the guilty plea or to raise this issue on appeal constituted ineffective assistance of counsel. The Illinois courts have strictly enforced the notice requirement of the extended term statute. Steward, therefore, has a credible argument that he was prejudiced by his counsel's failure to press this issue. However, the state courts have never had the opportunity to consider the ineffectiveness claim in this form. Steward did not raise it in his *pro se* post-conviction petition, his appointed post-conviction counsel did little to supplement his *pro se* petition and his appointed appellate counsel for the post-conviction proceeding withdrew from the case, apparently without consulting Steward.

■ Thus, while this claim may have arguable merit, it was not properly before the district court and is not before this court. Should Steward wish to pursue a claim of ineffective assistance of appellate counsel for failing to raise a patently meritorious state law issue he must therefore return to the

Illinois courts. Perhaps the difficulties he has had with his appointed counsel would excuse the submission of a second post-conviction petition in the Illinois courts. *People v. Frank*, 48 Ill.2d 500, 272 N.E.2d 25 (1971).

Rather than raise the effectiveness of counsel issue just discussed, Steward in his habeas corpus petition claims that the trial court abused its discretion by imposing the extended term sentence without having made the proper admonishments. Violations of state law alone are, of course, not cognizable in federal habeas corpus proceedings, however. A habeas petitioner must show that the state law violation resulted in a violation of federal constitutional rights. In an attempt to frame the violation of the extended term statute in constitutional terms, Steward argues that imposition of the extended term sentence in breach of the Illinois statute violated his constitutional rights to receive due process of law and to be free of cruel and unusual punishment.

To support his due process claim Steward argues that the imposition of the extended term sentence was arbitrary and that the failure to comply with the statutory notice requirement rendered his plea not knowing, voluntary or intelligent. These arguments must fail. There was nothing arbitrary about the sentencing judge's invocation of the extended term provision. He made specific findings concerning the aggravating factors required by statute. The judge's determination that these factors were present to a degree sufficient to warrant imposition of the extended term involved no abuse of discretion and no violation of due process.

Neither did the sentencing judge's failure to comply with the statutory notice requirement render Steward's plea not knowing, voluntary and intelligent. The question of compliance with these statutory requirements is entirely distinct from the constitutional issue regarding the knowing and voluntary nature of the plea. The State is quite correct in arguing that the court's admonition regarding the possibility of a death sentence was sufficient to advise Steward of the maximum possible sentence as is required by Illinois Supreme Court Rule 402

and the federal constitution. *People v. Stewart*, 101 Ill.2d 470, 79 Ill.Dec. 123, 463 N.E.2d 677, 683–85, *cert. denied* 469 U.S. 920, 105 S.Ct. 303, 83 L.Ed.2d 237 (1984). Steward's due process argument is thus unavailing.

We also agree with the district court that the imposition of an eighty-year sentence in a case of first degree murder such as this did not constitute cruel and unusual punishment.

Since none of the claims properly before this court merit habeas corpus relief, the judgment of the district court is

AFFIRMED.