**Ondra HODGES, Petitioner,**

v.

**J. Ronald HAWS, Respondent.**

**No. 96 C 3264.**

United States District Court,
N.D. Illinois,
Eastern Division.

Feb. 21, 1997.

Ondra Hodges, Centralia, IL, pro se.

Bridget Linda Field, Illinois Attorney General's Office, Chicago, IL, for J. Ronald Haws, Jim Ryan.

### MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Ondra Hodges petitions for writ of habeas corpus. For the following reasons, the petition is denied.

### Background

Following a bench trial, Mr. Hodges was convicted of residential burglary and was sentenced to 20 years of imprisonment. The petitioner appealed his conviction. The Illinois Appellate Court affirmed on August 26, 1993. Mr. Hodges did not appeal this affirmance to the Illinois Supreme Court.

Subsequently, proceeding pro se, Mr. Hodges filed a post-conviction petition. The trial court dismissed. Mr. Hodges appealed the dismissal, but the Illinois Appellate Court affirmed. Mr. Hodges filed a Petition for Leave to Appeal the affirmance to the Illinois Supreme Court. The Illinois Supreme Court denied the Petition.

The grounds for Mr. Hodges' habeas corpus petition are the following: (1) ineffective assistance of trial counsel;[1] (2) ineffective assistance of appellate counsel; (3) ineffective assistance of post-conviction counsel; (4) excessive sentence; (5) the government's failure to prove the petitioner's guilt beyond a reasonable doubt; (6) the trial court's erroneous dismissal of his post-conviction petition; and (7) the government's failure to turn over to the defense exculpatory evidence.[2]

 I can address the merits of Mr. Hodges' claims only if he has exhausted state remedies and if the claims are not procedurally defaulted. *Cawley v. DeTella*, 71 F.3d 691, 693–94 (7th Cir.1995). The "exhaustion" requirement dictates that "if the state courts have not yet had a full and fair opportunity to consider the petitioner's constitutional claims *and remain open* to address these claims, the petitioner must take his claims there first." *Id.* (emphasis added). This requirement is satisfied, because the time for filing a Petition for Leave to Appeal the conviction affirmance to the Illinois Supreme Court has passed. Ill. S.Ct. R. 315(b) (West Supp.1996).

### 1. Ineffective Assistance of Counsel

Mr. Hodges argues that he was denied effective assistance of trial, appellate, and post-conviction counsel.

---

**1.** Mr. Hodges filed an Amended Petition which supplements this claim.

**2.** Mr. Hodges first invoked this issue in his Amended Petition.

### a. Procedural Default

#### i. Trial Counsel

■ "Before a federal court may review the merits of a claim raised by a state prisoner in a habeas petition, the petitioner must fulfill the procedural requirements set by state law for seeking judicial review in the state courts." *Lemons v. O'Sullivan,* 54 F.3d 357, 360 (7th Cir.1995). Under Illinois law, a claim of ineffective assistance of trial counsel, which could have been raised on direct appeal but was not, is deemed waived. However, if the claim rests on matters outside the trial record, a post-conviction petition is the appropriate avenue of review. *People v. Britz,* 174 Ill.2d 163, 220 Ill.Dec. 388, 394, 673 N.E.2d 300, 306 (1996); *see also Lemons,* 54 F.3d at 360 ("a defendant who neglects to raise a claim of inadequate representation on direct appeal may not later assert that claim in a petition for post-conviction relief ... [unless] the basis for the claim does not appear on the record") (quotation omitted).

■ In the instant petition, Mr. Hodges claims that his trial counsel was ineffective in that he failed to request a jury instruction for a lesser included offense of trespass to a residence; to argue insufficiency of evidence to prove guilt beyond a reasonable doubt;[3] to properly impeach a state witness; and to object to trial judge's closing comments directed at the petitioner. All of these arguments are based on facts appearing in the record and, as such, should have been presented on direct appeal. Yet, the sole issue Mr. Hodges raised on appeal was whether the trial court abused its discretion in imposing a 20 year sentence by overemphasizing aggravation and ignoring mitigation matters. Thus, Mr. Hodges procedurally defaulted the above ineffective assistance of trial counsel claims.[4] *See Lemons,* 54 F.3d at 360.

■ Mr. Hodges also argues that his trial counsel was ineffective because he failed to present as exculpatory evidence fingerprints on candle holders from the burglarized home and shoe prints found at the scene of the crime. Since these allegations concern matters outside the record, Mr. Hodges did not waive them by not raising them on direct appeal. However, the proper avenue for bringing them to the attention of an Illinois court was a post-conviction petition. *People v. Johnson,* 272 Ill.App.3d 479, 208 Ill.Dec. 943, 950, 650 N.E.2d 637, 644 (1995). Mr. Hodges did not employ that avenue, thereby procedurally defaulting the above claims of ineffective assistance of trial counsel. *See Lemons,* 54 F.3d at 361.

#### ii. Appellate Counsel

To avoid procedural default, a petitioner must have given the Illinois state courts a full and fair opportunity to review the claims at issue. *Morrison v. Duckworth,* 898 F.2d 1298, 1300 (7th Cir.1990). "A claim has been fairly presented to a state court if a petitioner has clearly informed the state court of the factual basis of that claim." *Steward v. Gilmore,* 80 F.3d 1205, 1212 (7th Cir.1996) (quotation omitted).

■ Mr. Hodges raised the ineffective assistance of appellate counsel in his post-conviction petition. *Lemons,* 54 F.3d at 360 n. 2 ("Illinois courts have held that ... claims of ineffective assistance of appellate counsel are properly adjudicated in proceedings on petition for post-conviction relief"). He argued that counsel was ineffective because he failed to raise the issue of reasonable doubt. In the instant petition, on the other hand, Mr.

---

**3.** Mr. Hodges argues that the trial counsel should have objected to or filed a motion to suppress the defendant's fingerprints found at the scene of the crime. Although Mr. Hodges uses the term "motion to suppress," he does not explain why he believes the evidence to have been illegally obtained. Rather, he argues that since the fingerprints were found outside the dwelling which was burglarized, rather than inside, the evidence was insufficient to prove his guilt beyond a reasonable doubt. Thus, what Mr. Hodges seems to be contending is that his trial counsel was inef-

fective in that he failed to argue reasonable doubt.

**4.** In his post-conviction petition, Mr. Hodges argued, among others, that his arrest, subsequent to the burglary, was illegal, as were the fingerprints obtained during the booking. Mr. Hodges also asserted that his attorney was ineffective in that he did not move to quash the arrest and to suppress the fingerprints. Mr. Hodges does not revisit these issues in the instant petition.

Hodges bases his ineffective assistance of appellate counsel claim on the latter's failure to argue that Mr. Hodges' trial counsel was ineffective, that the sentence was excessive, and that the prosecution did not meet the reasonable doubt standard. Therefore, the state court was only informed of one factual basis for the instant claim of ineffective assistance of appellate counsel—reasonable doubt. Thus, Mr. Hodges procedurally defaulted the ineffective assistance of appellate counsel claim, except in so far as it is based on the reasonable doubt issue. *See id.* at 360–61; *Steward,* 80 F.3d at 1211–12.

### iii. Post-Conviction Counsel

■ Finally, regarding the ineffective assistance of post-conviction counsel, no U.S. constitutional right to post-conviction counsel exists. Therefore, its deprivation is not cognizable as grounds for a federal habeas corpus petition. *Keith v. McCaughtry,* 775 F.Supp. 290, 294 (E.D.Wis.1991), *aff'd,* 1 F.3d 1244 (7th Cir.1993).

### b. Cause

#### i. Trial Counsel

■ Procedural default can be excused only if the petitioner shows "adequate cause to excuse his failure to raise the claim in state court and actual prejudice resulting from the default." *Farrell v. Lane,* 939 F.2d 409, 411 (7th Cir.1991).[5] Mr. Hodges argues that the cause for his failure to properly raise ineffective assistance of *trial* counsel in state court was ineffectiveness of his *appellate* counsel. Ineffective assistance of counsel, if proven, can constitute "cause" for the purpose of procedural default. *United States ex rel. Simmons v. Gramley,* 915 F.2d 1128, 1132 (7th Cir.1990). Before a petitioner can use ineffective assistance of counsel as cause for procedural default, "he must first present this claim as an *independent claim* to the state courts either on direct appeal or in post-conviction proceedings." *Lemons,* 54 F.3d at 360 (emphasis added). Therefore, Mr. Hodges had to have argued in state

court that his appellate counsel was ineffective because he did not raise ineffectiveness of trial counsel. This Mr. Hodges had not done. As discussed above, in his post-conviction petition, Mr. Hodges argued only that his appellate counsel was ineffective because he failed to raise the issue of reasonable doubt. Therefore, Mr. Hodges' default with respect to the issue of ineffective assistance of trial counsel is not excused by alleged ineffectiveness of appellate counsel.

#### ii. Appellate Counsel

■ Mr. Hodges also argues that the procedural default with respect to the ineffective assistance of appellate counsel is excused by the ineffective assistance of post-conviction counsel. "Ineffective assistance of post-conviction counsel is not itself a cognizable federal constitutional violation and may not[, therefore,] serve as cause for a procedural default." *Steward,* 80 F.3d at 1212.

#### iii. General Reasons for Default

■ Finally, Mr. Hodges argues generally that his reasons for not raising claims in state court are (1) that he did not prepare his post-conviction petition, but had another prisoner do so; (2) that Mr. Hodges has no legal knowledge or skills; and (3) that his attorneys advised him that the claims they were choosing not to raise had no merit. Cause may be demonstrated by "external objective impediments" to compliance with state procedures, such as reasonable unavailability of factual or legal bases for a claim or interference by officials. *Cawley,* 71 F.3d at 696 (quoting *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986)). The Seventh Circuit has "held that limitations like illiteracy and limited education are not objective external impediments of this sort." *Id.* (citing *Henderson v. Cohn,* 919 F.2d 1270, 1272–73 (7th Cir.1990) ("failure to act or think like a lawyer cannot be cause for failing to assert a claim") (quotation omitted)). Thus, the reasons presented by Mr. Hodges do not constitute cause for the

---

5. Procedural default may also be overcome if the petitioner shows that "failure to consider the claim[] will result in a fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722,

750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991). Mr. Hodges does not mount this argument.

purposes of excusing procedural default. Accordingly, I may not consider the merits of the ineffective assistance of counsel claims, except the claim that the petitioner's appellate counsel was ineffective for failing to raise the issue of reasonable doubt, because this issue was not procedurally defaulted.

### c. Merits/Ineffective Assistance of Appellate Counsel For Failing to Raise Reasonable Doubt Argument

My disposition of this habeas corpus petition is governed by the recently amended Section 2254 of Title 28 of the United States Code, which provides, in pertinent part, that

[a]n application for a writ of habeas corpus ... shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted· in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).[6] Mr. Hodges contends that his appellate counsel was ineffective because he did not argue that the prosecution failed to prove the petitioner's guilt beyond a reasonable doubt.

Ineffective assistance of counsel claims are governed by *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a two prong test which requires a showing that (1) the "counsel's performance was deficient," i.e., fell below an objective standard of reasonableness, *id.* at 687, 688–90, 104 S.Ct. at 2064, 2065–66, and (2) that "the deficient performance prejudiced the defense." *Id.* at 687, 104 S.Ct. at 2064. Prejudice means "reasonable probability that, absent the [alleged] errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695, 104 S.Ct. at 2068–69. The

determination on appeal as to whether guilt was shown beyond a reasonable doubt is governed by *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319, 99 S.Ct. at 2789. "[T]he role of an appellate court is quite limited; it cannot reweigh the evidence or substitute its judgment for that of the factfinder.... [T]he assessment of the credibility of witnesses is generally beyond the scope of review." *Ford v. Ahitow,* 104 F.3d 926, 938 (7th Cir.1997) (quotation omitted).

The Illinois Appellate Court began its analysis by "ask[ing] the *legally* correct question[s]." *Lindh v. Murphy,* 96 F.3d 856, 876 (7th Cir.1996) (emphasis in original). It set forth the U.S. Supreme Court standards for the ineffective assistance of counsel and reasonable doubt, as incorporated into Illinois law. Mr. Hodges was convicted of residential burglary. The Illinois Supreme Court has held that a conviction for residential burglary may be based solely on fingerprint evidence, so long as the fingerprints corresponding to those of the defendant are found in the immediate vicinity of the crime under such circumstances as to establish beyond a reasonable doubt that the fingerprints were impressed at the time the crime was committed. *People v. Rhodes,* 85 Ill.2d 241, 52 Ill.Dec. 603, 605, 422 N.E.2d 605, 607 (1981). Relying on *Rhodes,* the Illinois Appellate Court concluded that

[t]he evidence at trial meets this test. The State's evidence tended to show that on the morning of February 7, Walling[, the owner of the burglarized residence,] returned to his home to discover that the kitchen door had been broken and some items had been taken. The defendant's fingerprints were found under circumstances suggesting that he had broken the glass in order to gain entry into the home.[7]

---

6. Mr. Hodges filed the instant petition on May 31, 1996. The Antiterrorism and Effective Death Penalty Act of 1996 came into effect on April 24, 1996. The Act amended 28 U.S.C. § 2254(d).

7. The officer who examined the scene of the burglary found two large pieces of glass outside the home. Several of the fingerprints taken from the large pieces of glass matched those of Mr.

Although there were some contradictions in the State's evidence, those inconsistencies were primarily for the trier of fact to resolve.... Moreover, the defendant's explanation for the presence of his prints on the glass was implausible's.[8] ... [W]e find that appellate counsel was not ineffective for failing to make a reasonable doubt argument.

*People v. Hodges*, No. 3–93–0975, slip op. at 4–5.

▪ The crime of which Mr. Hodges was convicted is defined as "knowingly and without authority enter[ing] the dwelling place of another with the intent to commit therein a felony or theft." 720 ILCS 5/19–3 (West 1993). The petitioner contends that the government did not prove the element of entry without authority because the owner of the house did not specifically testify that he did not authorize entry, and because the government produced no direct evidence of Mr. Hodges' presence inside the dwelling. This argument is unavailing because the Illinois Appellate Court determined, as it should have, that the record as a whole contained sufficient evidence of guilt beyond a reasonable doubt. *See Ford*, 104 F.3d at 937–39.

Accordingly, Mr. Hodges has not shown that the Illinois Appellate Court's affirmance of the dismissal of his post-conviction petition, raising the claim of ineffective assistance of appellate counsel, "was contrary to clearly established caselaw by the Supreme Court, or alternatively, ... was an unreasonable application of Supreme Court caselaw.... [or] was based on an unreasonable determination of the facts in light of the evidence presented." *See id.* at 936 (quotation omitted). Therefore, I deny Mr. Hodges' habeas corpus petition in so far as it is based on the claims that his appellate counsel was ineffective for failing to argue reasonable doubt.

### 2. Excessive Sentence

▪ Mr. Hodges claims that his 20–year sentence is cruel and unusual punishment, in violation of the Eighth Amendment. To avoid procedural default, a state prisoner must present a claim in state court "in such a way as to fairly alert the state court to any applicable *constitutional* grounds for the claim." *United States ex rel. Sullivan v. Fairman*, 731 F.2d 450, 453 (7th Cir.1984) (emphasis added). The petitioner need not use any magic words

to adequately alert the state court to the constitutional ramifications of the alleged trial court error. However, where the argument presented to the state court does not: (a) rely on pertinent federal cases employing constitutional analysis; (b) rely on state cases employing constitutional analysis in like fact situations[;] (c) assert the claim in terms so particular as to call to mind a specific right protected by the Constitution[;] or (d) allege a pattern of facts that is well within the mainstream of constitutional litigation, ... the state court has [not] considered or had a fair opportunity to consider and correct the ... alleged constitutional violation.

*Id.* at 454 (quotation omitted).

▪ Mr. Hodges' brief to the Illinois Appellate Court does not meet the above standard. The petitioner framed the issue as whether the trial court abused its discretion in sentencing the petitioner to a 20–year term of imprisonment by overemphasizing aggravation and ignoring mitigation matters. "Abuse of discretion" is a matter of state law. The petitioner cited only state cases and statutes. Thus, Mr. Hodges failed to fairly present to the Illinois courts his claim that his sentence violates the Eighth Amendment, thereby procedurally defaulting it.

Construing Mr. Hodges' habeas corpus petition liberally, he may be asserting ineffective assistance of appellate counsel as cause for failing to present the Eighth Amendment issue on direct appeal. This argument will not succeed because Mr. Hodges did not argue in his post-conviction petition that his appellate counsel was ineffective, having

---

Hodges. *People v. Hodges*, No. 3–93–0975, slip op. at 2 (Ill.App.Ct. May 9, 1995).

**8.** Mr. Hodges testified that the reason for his fingerprints on the glass was that he examined

the glass while "junking." The trial court, the factfinder in this case, specifically considered that explanation and did not find it credible. (Tr. at 110–11.)

failed to frame the issue in constitutional terms. *See supra* sections 1(a)(ii); 1(b)(i); *Lemons,* 54 F.3d at 360; *Steward,* 80 F.3d at 1211–12. Mr. Hodges' general reasons for not raising claims in state court do not constitute cause for the purposes of excusing procedural default. *See supra* section 1(b)(iii). Therefore, Mr. Hodges' default cannot be excused, barring me from considering the merits of his Eighth Amendment claim.

### 3. Reasonable Doubt

Mr. Hodges argues that the prosecution did not prove his guilt beyond a reasonable doubt. Although Mr. Hodges did not raise the issue of reasonable doubt independently, the Illinois courts had an opportunity to and did address it in the context of the petitioner's claim of ineffective assistance of appellate counsel. In view of my discussion above, *see supra* section 1(c), I deny Mr. Hodges' habeas corpus petition with respect to the reasonable doubt issue.

### 4. Dismissal of Post–Conviction Petition

 Mr. Hodges argues that the Illinois trial court erred when it denied Petitioner's Petition for Post–Conviction relief without appointing counsel or granting an evidentiary hearing on the issues of ineffective assistance of trial and appellate counsel. "Federal habeas corpus relief is available only to persons being held in state custody in violation of the Constitution or federal law." *Montgomery v. Meloy,* 90 F.3d 1200, 1206 (7th Cir.1996). Post-conviction relief and the standard under which a post-conviction petition may be summarily dismissed, without an evidentiary hearing and appointment of an attorney for an indigent petitioner, are creations of Illinois law. *See* 725 ILCS 5/122–1, 5/122–2.1(b), 5/122–4 (West 1993 & Supp.1996). "No constitutional provision of federal law entitles [Mr. Hodges] to any state collateral review. . . . Unless state collateral review violates some independent constitutional right, such as the Equal Protection Clause, . . . errors in state collateral review cannot form

the basis for federal habeas corpus relief." *See Montgomery,* 90 F.3d at 1206.

### 5. Exculpatory Evidence

 Finally, Mr. Hodges argues that the prosecution violated the *Brady* doctrine by failing to turn over shoe prints found at the scene of the crime.[9] Mr. Hodges never raised this issue before an Illinois court. Thus, he has procedurally defaulted the claim. Furthermore, he cannot show cause for the default. *See supra* section 1(b).

### Conclusion

For the reasons stated above, the petition is denied.[10]

---

**9.** Mr. Hodges first invoked this issue in his Amended Petition. To the extent that he argued that his trial counsel was ineffective because he failed to request from the prosecution the shoe print evidence, I have already addressed the issue. *See supra* section 1.

**10.** Mr. Hodges' Motion for Appointment of Counsel is denied as moot.