**UNITED STATES of America ex rel. Melvin KELLEY, Petitioner,**

v.

**Augustus SCOTT, Jr., Warden, Lincoln Correctional Center, and Jim Ryan, Attorney General of the State of Illinois, Respondents.**

No. 98 C 5525.

United States District Court,
N.D. Illinois,
Eastern Division.

June 21, 1999.

---

Melvin Kelley, East Moline, IL, pro se.

Rebecca Zavett, Assistant Attorney General, Chicago, IL, for respondents.

### MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is petitioner Melvin Kelley's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, the court denies petitioner's petition for habeas corpus.

### I. BACKGROUND

Following a jury trial in Illinois state court, petitioner Melvin Kelley ("Kelley") was convicted of armed robbery. He was sentenced to a term of imprisonment of twenty-five years. Currently, Kelley is in the custody of respondent Augustus Scott, Jr. ("Scott"), Warden of the Lincoln Correction Center.

Kelley appealed, arguing that (1) the trial court erred in admitting the rebuttal testimony of a certain witness and (2) the trial court abused its discretion in allowing the court reporter to read the complaining witness's testimony to the jury during its deliberations. (Pet.Ex.24.) On January 24, 1992, the appellate court affirmed Kelley's conviction and sentence, finding that (1) the rebuttal testimony was not used to show Kelley's propensity toward crime and (2) Kelley had failed to demonstrate that the trial court abused its discretion when it granted the jury's request to review the trial testimony of the complaining witness. (Pet.Ex.27.) Kelley did not seek leave to appeal to the Supreme Court of Illinois.

Kelley then filed a pro se petition for post-conviction relief, arguing that he was denied his constitutional right to effective assistance of counsel. The bases for his argument were the following: (1) trial counsel failed to make specific motions and to challenge the admission of the prosecution's evidence;[1] (2) trial counsel failed to properly investigate the evidence;[2] (3) trial counsel failed to interview potential defense witnesses and to challenge the prosecution's witnesses' testimonies; (4) appellate counsel failed to raise ineffective assistance of trial counsel on direct appeal; and (5) appellate counsel failed to address potential issues. (Pet.Ex.29.) On December 15, 1994, the Illinois circuit court dismissed his petition for post-conviction relief without an evidentiary hearing, finding that the allegations in the petition were "bare allegations." (Pet.Ex.31.)

Kelley appealed the circuit court's denial of his post-conviction petition. However, the appellate court affirmed the circuit court's judgment dismissing the post-conviction petition. In so doing, the appellate court addressed the merits and stated: "We conclude that defendant has not made the requisite substantial showing that his constitutional rights were violated." (Pet. Ex. 35 at 13.)

Kelley then petitioned the Supreme Court of Illinois for leave to appeal the appellate court's decision. (Pet.Ex.36.) In his petition, Kelley asserted three grounds for reversal: (1) the trial court abused its discretion in refusing to grant the petitioner an evidentiary hearing, (Pet. Ex. 36 at 9); (2) trial counsel was ineffective because counsel failed to challenge the state's failure to retain evidence, (Pet.Ex. 36 at 11); and (3) post-conviction counsel was ineffective because counsel failed to identify defects in the post-conviction petition, (Pet.Ex. 36 at 7). On October 1, 1997, the Supreme Court of Illinois denied Kelley's petition for leave to appeal. (Pet. Ex.37.)

On September 3, 1998, Kelley filed a pro se petition for writ of habeas corpus argu-

---

1. Trial counsel failed to suppress the identification of Kelley and failed to demand the production of the physical evidence.

2. Trial counsel failed to investigate the lack of fingerprint evidence and the ownership of the van.

ing that he is entitled to relief under 28 U.S.C. § 2254 for a multitude of reasons. On February 12, 1999, respondent Scott filed an answer to Kelley's petition.[3] Respondent argues that Kelley's petition should be denied because Kelley's claims are procedurally barred. Thus, before addressing the merits of Kelley's petition for writ of habeas corpus, the court will examine whether Kelley's claims are barred.

## II. DISCUSSION

■ Before the court can review the merits of Kelley's petition for writ of habeas corpus, Kelley must have "exhaust[ed] all remedies available in state courts." 28 U.S.C. § 2254(b)(1)(A). Thus, Kelley must have afforded "the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, —— U.S. ——, ——, 119 S.Ct. 1728, 1731, 144 L.Ed.2d 1 (1999).

■ In this case, the respondent claims that Kelley has exhausted his state court remedies. (Resp. Answer ¶ 10 at 3.) However, based on the Supreme Court's recent decision in O'Sullivan v. Boerckel, —— U.S. ——, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999), the court disagrees with the respondent. In O'Sullivan, the Supreme Court held:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

Id. at 1732. Thus, in order to have exhausted his state court remedies, Kelley must have presented the claims in his fed-

eral habeas corpus petition to the Supreme Court of Illinois. See id.

Kelley raises a multitude of claims and the court did its best to understand and to examine Kelley's petition and his forty-three page single-spaced memorandum in support of his petition to determine what claims Kelley was raising. Based on the court's inspection of the relevant documents, the court finds that the only claim Kelley raised in both his petition to the Supreme Court of Illinois and his petition for a writ of habeas corpus is the effectiveness of his post-conviction counsel. Thus, the court finds that Kelley has failed to exhaust his state court remedies for all claims in his petition for writ of habeas corpus except his claim for ineffective assistance of post-conviction counsel. Accordingly, the court will only examine this claim.

■ Unfortunately for Kelley, his only claim properly before this court is noncognizable in this federal habeas corpus proceeding. Section 2254(i) of 28 U.S.C. provides that "[t]he ineffectiveness or incompetence of counsel during Federal or state collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i); see also Steward v. Gilmore, 80 F.3d 1205, 1212 (7th Cir.1996). Thus, the court dismisses this claim with prejudice.

## CONCLUSION

The court has reviewed the entire record in this case. There is no need for an evidentiary hearing; thus, the court is required to "make such disposition of the petition as justice shall require." See R. Governing § 2254 Cases 8(a). In this case, justice requires that Melvin Kelley's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied. Accordingly, the court denies Melvin Kelley's petition

---

**3.** On December 17, 1998, the court dismissed Attorney General Jim Ryan as a party to this

petition.

for habeas corpus with prejudice and dismisses this case with prejudice.