91 F.3d 146
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Sherman HOWARD, Petitioner-Appellant,
v.
George DETELLA and James Ryan, Respondents-Appellees.
 No. 95-3123.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 16, 1996.*
Decided July 16, 1996.
 
 Before CUMMINGS, COFFEY and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 This is an appeal from the district court's denial of Sherman Howard's pro se petition pursuant to 28 U.S.C. § 2254. For the reasons set forth below, we vacate the judgment of the district court and remand for further proceedings.[1]
 
 
 2
 Following a jury trial in the Circuit Court of Cook County, Howard was convicted on two counts of aggravated sexual assault and sentenced to a twenty-year term of imprisonment. Howard is currently serving this sentence at the Danville Correctional Center in Danville, Illinois. On direct appeal, Howard challenged the sufficiency of the indictment. The Illinois Appellate Court affirmed the conviction. Thereafter, Howard filed a petition for leave to appeal to the Illinois Supreme Court, raising the same claim. This petition was denied.
 
 
 3
 Howard filed a pro se post-conviction petition with the Circuit Court of Cook County, claiming ineffective assistance of appellate counsel for failure to raise the following claims on direct appeal: (1) medical expert testimony should have been excluded from evidence because it was inaccurate and contrary to accepted medical theory; (2) the prosecution improperly elicited evidence of other crimes attributable to Howard; (3) at closing argument, the prosecution and the circuit court judge recited an erroneous reasonable doubt standard to the jury; and (4) the circuit court improperly admitted hearsay testimony. The petition was denied as frivolous. Howard's appeal to the Illinois Appellate Court was unsuccessful. Thereafter, Howard filed a petition for leave to appeal to the Illinois Supreme Court which was denied.
 
 
 4
 Howard now requests relief under § 2254, raising the same claims set forth in his Illinois post-conviction petition. The district court denied the petition, holding that Howard had procedurally defaulted on these claims by failing to raise them on direct appeal from the denial of his state post-conviction petition and, in the alternative, by failing to file a timely petition for transfer to the Illinois Supreme Court. We disagree.
 
 
 5
 Where independent and adequate state grounds bar state court review of a claim, a petitioner is procedurally barred from federal review unless he can show cause and prejudice for his default. Cawley v. DeTella, 71 F.3d 691, 694 (7th Cir.1995). Failure to present a claim as required by the state may constitute an independent state ground of decision and, therefore, provide the basis for a procedural default. Hogan v. McBride, 74 F.3d 144, 146 (7th Cir.1996). However, when the state court reaches the merits without invoking a rule of forfeiture, the issue is open for collateral review. See Ylst v. Nunnemaker, 501 U.S. 797 (1991).
 
 
 6
 Here, the claims raised in Howard's § 2254 petition are identical to the claims raised in his state post-conviction petition. Additionally, Howard filed a timely appeal from the denial of his petition. However, as the district court correctly observes, Howard did not raise any claims on appeal. Rather, Howard's appointed appellate counsel filed a motion to withdraw and a brief, arguing that there were no grounds for appellate relief. Howard did not file a supplemental brief. Nonetheless, despite Howard's failure to raise any claims on appeal, the Illinois Appellate Court reviewed the circuit court's denial of his post-conviction petition. In affirming the denial of Howard's petition, the court carefully examined the circuit court record and counsel's brief, and found that Howard's petition did not present any meritorious constitutional claims. Hence, Howard's failure to submit a supplemental brief raising specific grounds for appellate relief does not constitute a procedural bar to federal review.
 
 
 7
 In denying Howard's habeas corpus petition, the district court held that Howard's failure to file a timely petition for transfer to the Illinois Supreme Court following his unsuccessful appeal from the denial of his post-conviction petition provided an alternate basis for procedural default. However, appellees have conceded that Howard received an extension of time and, therefore, the petition for transfer was adequately presented to the Illinois Supreme Court.
 
 
 8
 Since Howard has exhausted his claims and there is no procedural default, the district court should have entertained the merits of Howard's petition. Accordingly, the district court's denial of Howard's petition is VACATED and the case is REMANDED for further proceedings.
 
 
 
 *
 After examination of the briefs and the record, we have concluded that oral argument is unnecessary and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 The district court entered judgment denying Howard's petition on July 13, 1995. Although Howard's notice of appeal was not filed until August 25, 1995, his motion for certificate of probable cause was filed on August 10, 1995, see Houston v. Lack, 487 U.S. 266, 276 (1988), within thirty days of the entry of judgment, Fed.R.App.P. 4(a)(1). Since a petition for certificate of probable cause may be construed as a notice of appeal, Bell v. Mizell, 931 F.2d 444, 445 (7th Cir.1991), Howard's appeal is timely