Jackie L. LONG, Petitioner–Appellant,

v.

Kristine KRENKE, Respondent–Appellee.

No. 97–2308.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 23, 1998.

Decided March 12, 1998.

Stephen J. Eisenberg (argued), Eisenberg Law Offices, Madison, WI, for Petitioner–Appellant.

James E. Doyle, Gregory M. Posner–Weber (argued), Office of the Attorney General, Wisconsin Department of Justice, Madison, WI, for Respondent–Appellee.

Before BAUER, KANNE, and DIANE P. WOOD, Circuit Judges.

BAUER, Circuit Judge.

Jackie L. Long appeals from the district court's denial of her petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In 1992, a jury found Long and her husband, Donald Long, guilty of first degree intentional homicide of their son in violation of Wis. Stats. §§ 940.01 and 939.05. The Wisconsin trial court sentenced Jackie Long to life in prison with parole eligibility in 30 years. Long properly exhausted her state remedies

and filed this petition for a writ of habeas corpus. The district court dismissed Long's petition, but granted her request for a certificate of appealability on the issue of ineffective assistance of counsel. For the reasons set forth below, we affirm the district court's dismissal of Long's habeas corpus petition.

## BACKGROUND

On January, 2, 1992, Donald and Jackie Long called emergency medical technicians to their home in Mazomanie, Wisconsin. Upon arrival, the emergency medical technicians found the Longs' eight-week-old son, Wesley, without a pulse, not breathing, and unresponsive. Donald Long explained to the technicians that he had been sleeping on the sofa with Wesley positioned on his stomach. When Donald accidently fell on the floor, he might have landed on Wesley. Donald Long further explained that after the fall Wesley initially cried, but eventually calmed down and was put to bed. Wesley was pronounced dead at the hospital after efforts to resuscitate him failed. An autopsy revealed that Wesley had rib, pelvis, and skull fractures in various stages of healing, which the doctor believed considerably undermined Donald Long's explanation of the new injuries which had resulted in Wesley's death. The doctor called the police suspecting that Wesley's death was a homicide. Both Jackie Long and her husband were charged with first degree intentional homicide, each as a party to the crime. Represented by different counsel, the Longs were tried together and found guilty after a jury trial.

After sentencing, Jackie Long filed for state post-conviction relief asserting that she was denied her Sixth Amendment right to effective assistance of counsel, among other claims. Long maintained that her trial attorney's performance was deficient because her counsel failed to have her evaluated by a forensic psychologist or psychiatrist for the possible entry of a plea of not guilty by reason of mental disease or defect (NGI).[1] Long asserts that she was never informed, nor had ever heard of the NGI plea and that she was never evaluated for the possibility that she might have a mental disease or defect.

After an evidentiary hearing, the Wisconsin postconviction relief court found Long's assertions "simply false" and "totally incredible." The court relied on the testimony of Long's attorney who stated that she had discussed the nature of the NGI plea at length with Long; that the possibility of the NGI plea was discussed before and during trial; and that Long made it clear that she would not enter a NGI plea because she thought it was saying she was crazy. Prior to trial, Long's attorney did not specifically request a psychologist to examine Long for mental disease or defect, but she did have a psychologist conduct a general psychological examination. After discussing the doctor's results with another clinical psychologist, counsel then recommended that a NGI plea was not warranted. Based on this evidence, the state post-conviction court concluded that Long's counsel had properly investigated whether a possible mental disease or defect defense was feasible and acted reasonably in recommending against using such a defense. The state post-conviction court also rejected the hearing testimony of two doctors, who opined on behalf of Long, that Long suffered from battered women's syndrome or other mental disorders which rose to the level of a mental disease or defect justifying a NGI defense. The court found that these doctors' opinions deserved little weight because they relied too heavily on affidavits supplied by Long, including Long's analysis of her own mental condition. Therefore, the court denied Long's motion for post-conviction relief.

The Court of Appeals of Wisconsin affirmed the trial court's judgment of conviction and denial of Long's motion for post-conviction relief, rejecting Long's ineffective assistance of counsel claim. The appellate court concluded that the trial court did not err in concluding that Long had not met her burden in establishing that she was denied effective assistance of counsel. The appellate court based its decision on trial counsel's experience and familiarity with NGI pleas

---

**1.** Under Wisconsin's statutory scheme, a plea of not guilty by reason of mental disease or defect (NGI) requires a bifurcated criminal trial. The issue of guilt and mental responsibility take place in two distinct proceedings. *See* Wis. Stats. § 971.15.

and criminal defenses; counsel's request for a general psychological examination of Long and counsel's consequent conclusion that a NGI plea was inappropriate; and Long's explicit rejection of the NGI plea.

## ANALYSIS

■ Long's habeas corpus petition was filed after April 24, 1996; therefore, the Antiterrorism and Effective Death Penalty Act (AEDPA) governs our analysis. *Holman v. Gilmore*, 126 F.3d 876, 879–80 (7th Cir.1997), *cert. denied*, —— U.S. ——, 118 S.Ct. 1169, 140 L.Ed.2d 179 (1998). A writ of habeas corpus may issue on Long's claim that she was denied her constitutional right to effective assistance of counsel only if the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *see also Holman*, 126 F.3d at 885. We presume that the state courts' factual findings are correct, unless the defendant rebuts this presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Williams v. Parke*, 133 F.3d 971, 973 (7th Cir.1997). We review the state courts' legal determinations, as well as mixed questions of fact and law, *de novo*. *Hall v. Washington*, 106 F.3d 742, 748 (7th Cir.), *cert. denied*, —— U.S. ——, 118 S.Ct. 264, 139 L.Ed.2d 190 (1997).

■ In order to succeed on an ineffective assistance of counsel claim, the defendant must show that her counsel's performance fell below an objective standard of reasonableness and that this deficiency prejudiced her. *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 2067–68, 80 L.Ed.2d 674 (1984). In light of the strong presumption that counsel's conduct falls within the wide range of professionally competent assistance, we determine whether counsel's performance is deficient by examining whether the alleged acts or omissions set forth by the defendant form the basis of an ineffective assistance claim. *Id.* at 689–90, 104 S.Ct. at 2065–66; *United States v. Monigan*, 128 F.3d 609, 611 (7th Cir.1997). In order to demonstrate the prejudice prong, the defendant must show that counsel's errors had more than "some conceivable effect

on the outcome of the proceeding." *Strickland*, 466 U.S. at 693, 104 S.Ct. at 2067. The defendant must show counsel's unprofessional errors rendered the proceeding fundamentally unfair. *Lockhart v. Fretwell*, 506 U.S. 364, 369, 113 S.Ct. 838, 842–43, 122 L.Ed.2d 180 (1993).

■ Reviewing the state trial and appellate courts' factual determinations as presumptively correct and the pertinent legal questions *de novo*, we conclude that the Wisconsin state courts properly applied *Strickland* to the facts in concluding that Long failed to show that her trial counsel was constitutionally inadequate. First, based on the state courts' factual findings, trial counsel's performance was not deficient. Long's counsel had considerable background and familiarity with Wisconsin's NGI plea and with the battered women's syndrome defense. After consulting with the psychologist who evaluated Long and then discussing the case with another clinical psychologist, counsel determined that in her professional judgment the NGI plea was unwarranted. Long fails to rebut the state courts' presumptively correct findings with clear and convincing evidence. The findings were strongly supported by evidence and all Long offered were doctors' opinions based on her self-serving statements made after the crime had occurred. In addition, the state courts found Long's attorney explained the NGI plea to Long and Long rejected the plea because she did not want to be labeled "crazy." An attorney's reasonable actions may be significantly influenced by the defendant's statements or actions. *Strickland*, 466 U.S. at 691, 104 S.Ct. at 2066–67. We conclude that counsel's actions were that of a reasonable attorney and that she can properly base her conduct on her client's explicit instructions.

■ Second, even if we were to assume that counsel's performance was deficient, Long fails to show that she was prejudiced by her counsel's alleged deficient representation. Long asserts that counsel's actions prejudiced her because the jury never had the opportunity to hear why she did what she did. Long argues that had the jury heard evidence of Long's spousal abuse and how the abuse impaired her ability to recognize

and respond to her son's injuries, the outcome of her trial would have been different. However, it is not enough to simply offer the speculative possibility of a successful NGI plea. Long has not satisfied her burden under the *Strickland* prejudice prong because the mere possibility of success based on a defense for which there existed little or no evidentiary support is not enough to establish constitutionally inadequate counsel. *See Strickland,* 466 U.S. at 693, 104 S.Ct. at 2067–68.

Last, Long's citation to a Fifth Circuit case for the proposition that counsel was ineffective in failing to pursue an insanity defense, *see Profitt v. Waldron,* 831 F.2d 1245, 1248–50 (5th Cir.1987), ignores the new standard under AEDPA which requires the petitioner to establish that the state courts' decisions were contrary to, or an unreasonable application of federal law "as determined by the Supreme Court," not the federal circuit courts. 28 U.S.C. § 2254(d)(1). Long has failed to supply Supreme Court case law supporting her contention.

### CONCLUSION

Because the Wisconsin courts reasonably applied the controlling standard for ineffective assistance of counsel per *Strickland,* the district court's denial of Long's petition for a writ of habeas corpus is AFFIRMED.