**UNITED STATES of America ex rel. Cedric JAMISON, Petitioner,**

v.

**Paul BARNETT, Respondent.**

No. 97 C 6922.

United States District Court, N.D. Illinois, Eastern Division.

April 17, 1998.

Cedric Jamison, Danville, IL, pro se.

William Lloyd Browers, Illinois Attorney General's Office, Criminal Appeals Division, Chicago, IL, Rebecca Zavett, Office of the Attorney General, Chicago, IL, for Defendant.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is petitioner Cedric Jamison's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, Jamison's petition is denied.

### I. *BACKGROUND*

Following a jury trial in Illinois state court, petitioner Cedric Jamison was convicted of attempted murder and armed robbery. He was sentenced to a term of imprisonment of seventeen years on the armed robbery conviction and twenty-five years on the attempted murder conviction. Both terms of imprisonment were to run concurrently.

Jamison appealed, arguing that the sentence imposed on him was fundamentally unfair because it was grossly disparate to the sentences received by Jamison's two co-defendants, Timothy Shelton (who received fourteen years) and Craig Parker (who received sixteen years). Ira Sheffey represented Jamison on appeal. The appellate court affirmed Jamison's conviction and sentence, finding that the disparity in the sentences was justified by the circumstances. Jamison did not seek leave to appeal to the Supreme Court of Illinois.

Jamison then filed a *pro se* petition for post-conviction relief, arguing that he was denied his constitutional right to effective assistance of counsel on appeal. The Illinois circuit court dismissed his petition for post-conviction relief, finding that the petition was "frivolous and patently without merit." Resp't Ex. N at A–4.

Jamison appealed the circuit court's decision to dismiss his post-conviction petition. A public defender was appointed to represent Jamison on that appeal. The appointed public defender moved to withdraw as counsel pursuant to *Pennsylvania v. Finley,* 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987), on the grounds that Jamison's post-conviction petition failed to give rise to a claim of constitutional deprivation. Jamison filed a response brief.

The appellate court granted the public defender's motion for leave to withdraw as counsel and affirmed the circuit court's judgment dismissing Jamison's post-conviction petition. In so doing, the appellate court stated: "We have carefully reviewed the record in this case, the [public defender's] brief, and defendant's response in compliance with the mandate of *Pennsylvania v. Finley* and find no issues of arguable merit." Resp't Ex. F at 2. The Illinois Supreme Court denied Jamison's petition for leave to appeal this decision.

Jamison then filed this petition for writ of habeas corpus. Jamison argues that he is entitled to relief under 28 U.S.C. § 2254 because he was denied his Sixth and Fourteenth Amendment right to effective assistance of counsel on his direct appeal.

## II. *DISCUSSION*

### A. *Standard for deciding a § 2254 petition*

Jamison filed his § 2254 petition after April 24, 1996; therefore, the current version of § 2254 governs this court's analysis. *Long v. Krenke,* 138 F.3d 1160, 1161 (7th Cir.1998). In order for the court to entertain Jamison's petition for writ of habeas corpus, Jamison must allege that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. Moreover, a writ of habeas corpus may issue on Jamison's claim that he was denied effective assistance of counsel only if the state court's adjudication "resulted in a decision that was contrary to, or involved an unrea-

sonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *Long,* 138 F.3d at 1161 (citing 28 U.S.C. § 2254(d)(1)).

■ The court must presume that state courts' factual findings are correct, unless the petitioner rebuts this presumption with clear and convincing evidence. *Id.* (citing § 2254(e)(1)). The court must review the state courts' legal determinations, as well as mixed questions of law and fact, *de novo. Id.* (citing *Hall v. Washington,* 106 F.3d 742, 748 (7th Cir.1997)).

### B. *Ineffective assistance of counsel*

Jamison claims that he is entitled to relief under § 2254 because he was denied his constitutional right to effective assistance of counsel on appeal.[1] There is no dispute that Jamison (1) has adequately presented this claim during the course of state proceedings and (2) has exhausted all of his available state court remedies; therefore, the court will the address the merits of Jamison's claim of ineffective assistance of counsel. *See Moore v. Parke,* 968 F.Supp. 1338, 1342 (N.D.Ind.1997). Both the Illinois circuit court and appellate court found that Jamison's claim of ineffective assistance of counsel was meritless. *See Howard v. DeTella,* No. 95–3123, 1996 WL 405212 (7th Cir. July 16, 1996). Thus, this court's task is to consider whether Jamison's claim of ineffectiveness has any merit under "clearly established Federal law, as determined by the Supreme Court of the United States." *See United States ex rel. Howard v. DeTella,* 959 F.Supp. 859, 864 (N.D.Ill.1997).

A petitioner's claim that his counsel was ineffective is analyzed under the two-prong test of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To show ineffective assistance of counsel, the petitioner must show (1) that his counsel's performance fell below an objective standard of reasonableness (the performance prong) and (2) that this deficiency prejudiced the petitioner (the prejudice prong). *Arango–*

---

1. Jamison purportedly raises three claims in his § 2254 petition. He never directly stated the claims in the petition; rather, he refers the court to other documents attached to the petition

which outline these claims. Having reviewed the petition, the court finds that the only constitutional issue raised is whether Jamison was denied effective assistance of counsel on appeal.

*Alvarez v. United States,* 134 F.3d 888, 892 (7th Cir.1998).

■ As to the performance prong, the petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed [to] defendant by the Sixth Amendment." *Strickland,* 466 U.S. at 687. Appellate counsel's performance is deficient where counsel fails to raise issues that are (1) obvious and (2) clearly stronger than the one raised. *Kelly v. United States,* 29 F.3d 1107, 1112 (7th Cir.1994). In determining whether counsel's performance was deficient, the court must "judge ... counsel's challenged conduct on the facts of the particular case, viewed at the time of counsel's conduct." *Strickland,* 466 U.S. at 690.

■ As to the prejudice prong, the petitioner must show that his counsel's deficient performance rendered the outcome of his trial or proceeding unreliable or fundamentally unfair. *Lockhart v. Fretwell,* 506 U.S. 364, 372, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993); *Mason v. Hanks,* 97 F.3d 887, 892–93 (7th Cir.1996). Where appellate counsel failed to raise issues that were obvious and clearly stronger than the issues raised and which may have resulted in a reversal for a conviction or an order for new trial, the failure is prejudicial. *Gray v. Greer,* 800 F.2d 644, 646 (7th Cir.1986).

While it is essential to petitioner's claim that he prove both prongs of the *Strickland* test, *Eddmonds v. Peters,* 93 F.3d 1307, 1313 (7th Cir.1996), "[i]t is often beneficial for courts to consider the prejudice prong of *Strickland*'s test before delving into murkier questions of whether certain acts or decisions constituted reasonable legal advocacy." *Winsett v. Washington,* 130 F.3d 269, 280–81 (7th Cir.1997). If the court finds no evidence of prejudice, the court need not determine whether counsel's performance was deficient. *Melvin v. United States,* 78 F.3d 327, 329 (7th Cir.1996).

In this case, Jamison points to several instances of Sheffey's alleged ineffectiveness.

Generally, these instances can be grouped into two general categories: (1) failure to point out to the appellate court that both Parker and Shelton possessed and in some way used a gun during the commission of the crimes and (2) failure to point out to the appellate court that Shelton ordered Jamison to search the victim. For the reasons discussed below, the court finds that the Illinois circuit court and appellate court were entirely correct in finding that Jamison's claim of ineffectiveness is meritless.

**1. Failure to point out that Parker and Shelton possessed/used a gun**

Jamison contends that Sheffey was ineffective because he failed (1) to mention in the argument section of the brief that Parker had a weapon and pointed or raised it in the direction of the victims; (2) to mention that there was evidence that Shelton had a revolver at the crime scene and that he fired shots at the police prior to fleeing from the crime scene; (3) to mention that the State was erroneously arguing that there was no testimony offered showing that Shelton had a gun; and (4) to file a petition for rehearing to point out to the appellate court that Parker had a weapon and pointed or raised it in the direction of the victims. Jamison argues that if Sheffey had taken the above actions, "[t]here is a reasonable probability that defendant's sentence would have been reduced to a sentence similar to codefendants."

■ The court rejects Jamison's claim of ineffectiveness based on the above alleged deficiencies because Jamison has failed to satisfy the prejudice prong of the *Strickland* test.[2] Jamison seems to argue that the appellate court would not have affirmed Jamison's sentence if it had been aware of the fact that both Parker and Shelton had possessed and in some way used a gun during the commission of the crimes. Jamison's argument, however, is flawed for several reasons. First, the fact that the appellate court's opinion does not mention those facts does not mean that the appellate court was not aware

---

2. In making this determination, the court reviewed the record from Jamison's trial and sentencing, the record from the sentencing of Jamison's two co-defendants, the appellate brief prepared by Sheffey, the appellate court's opinion affirming Jamison's conviction and sentence, Jamison's petition, and the other exhibits filed by the Attorney General's office.

that there was evidence that Parker and Shelton both possessed a gun at some point. Second, there was direct evidence that Jamison fired his gun multiple times directly at Agent Mitchell Wido, while the evidence which Jamison claims that Sheffey should have pointed out (1) does not show that Parker ever fired his gun and (2) is only circumstantial evidence that Shelton fired his gun. Further, the record undeniably shows that Jamison's use of his firearm was far more threatening and serious than any use established by either Parker or Shelton. Finally, Jamison's argument ignores the fact that it was Jamison's *"use* of the firearm during the incident, *coupled with the fact that codefendants pleaded guilty and may have received a commensurate mitigating benefit in sentencing "* which the appellate court found "satisfactorily account[ed] for the difference in terms imposed." Resp't Ex. A at 7 (emphasis added).

The most glaring proof that Jamison was not prejudiced by Sheffey's alleged deficient performance is the fact that the Illinois appellate court has already rejected this argument. In his post-conviction petition, Jamison raised this exact argument. The circuit court dismissed the petition, finding the petition frivolous and patently without merit. The appellate court affirmed this dismissal, stating that it found "no issues of arguable merit." There is no better example than that to show that Jamison was not prejudiced by Sheffey's alleged deficient performance. Accordingly, the court rejects Jamison's argument that he was denied effective assistance of counsel because Sheffey failed to point out to the appellate court that both Parker and Shelton had possessed and in some way used a gun during the commission of the crimes.

**2. Failure to point out that Shelton ordered Jamison to search the victim**

Jamison's next and final argument is that Sheffey was ineffective because he failed to file a petition for rehearing to point out to the appellate court that it was Shelton who ordered Jamison to search the victim. The appellate court's decision stated that it was Jamison who ordered Shelton to search the victim.

As with the claims discussed above, the court rejects Jamison's claim of ineffectiveness based on the deficiency to point out the error because Jamison has failed to satisfy the prejudice prong of the *Strickland* test. The appellate court's statement that it was Jamison who ordered Shelton to search the victim was only a statement in the appellate court's recitation of the facts; it was not a basis for the appellate court's finding that Jamison's greater sentence was justified. There is simply no reason to believe that this small misstatement of fact affected the outcome of the appeal at all. As with the claims discussed above, the most glaring proof that Jamison suffered no prejudice from this alleged deficiency is the fact that the appellate court rejected this argument when it affirmed the circuit court's denial of Jamison's post-conviction petition.

### III. *CONCLUSION*

In sum, the court rejects petitioner's claim that he was denied effective assistance of counsel because he has failed to satisfy the prejudice prong of the *Strickland* test. Because petitioner has failed to show the requisite prejudice, the court need not address whether his appellate counsel's performance was in fact deficient. Accordingly, the court denies Cedric Jamison's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.