UNITED STATES ex rel. Thomas
V. JOHNSON, Plaintiff,

v.

Rodney TALLY, Defendant.

No. 98 C 232.

United States District Court,
N.D. Illinois,
Eastern Division.

April 27, 1999.

Thomas V. Johnson, Galesburg, IL, plaintiff pro se.

Stephen F. Potts, Assistant Attorney General, Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is petitioner Thomas Johnson's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, Johnson's petition is denied.

## I. BACKGROUND[1]

Following a jury trial in Illinois state court, petitioner Thomas Johnson ("Johnson") was convicted of first degree murder. He was sentenced to a term of imprisonment of thirty-eight years for the murder conviction. Mark Kadish was Johnson's attorney at the preliminary hearing and arraignment, at trial, and at sentencing.

Johnson appealed, arguing that he was not proven guilty beyond a reasonable doubt and that the trial court erred in denying his pre-trial motion for comprehensive jury selection. (Resp't Ex. B.) Steven Clark represented Johnson on his direct appeal. On January 6, 1988, the Illinois Appellate Court rejected Johnson's arguments and affirmed his conviction and sentence. (Resp't Ex. A.)

On March 25, 1991, Johnson filed a pro se petition for post-conviction relief, asserting approximately nineteen grounds for relief. (Resp't Ex. C.) The State filed a motion to dismiss the petition. After a hearing at which Johnson was represented by attorney Valerie Panozzo–Gore, the circuit court dismissed Johnson's post-conviction petition.

Johnson appealed the circuit court's denial of his post-conviction petition, arguing that the petition was sufficient to withstand the State's motion to dismiss because the petition included a claim that the defense counsel rejected a plea offer made by the State without first communicating that offer to Johnson. (Resp't Ex. D.) Attorney Alan Goldberg represented Johnson on this appeal. On July 9, 1997, the Illinois Appellate Court affirmed the denial of Johnson's post-conviction petition. (Resp't Ex. E.) Johnson petitioned the Illinois Supreme Court for leave to appeal the appellate court's decision. (Resp't Ex. F.) On October 1, 1997, the Illinois Supreme Court denied Johnson's petition for leave to appeal. (Resp't Ex. G.)

---

1. This Background section is only intended to provide the reader with the procedural histo-
ry relevant to Johnson's habeas corpus petition.

On January 12, 1998, Johnson filed a pro se petition for habeas corpus (cited herein as "Pet'r Writ") pursuant to 28 U.S.C. § 2254, asserting several different claims for relief. Subsequently, Johnson filed a motion to supplement the record, which included a document entitled "Arguments for Relief" (cited herein as "Pet'r Supp. Argu."), in which Johnson asserted several additional claims for § 2254 relief. The court granted Johnson's motion to supplement the record, allowing Johnson to add the several additional claims.

On January 11, 1999, respondent filed an answer to Johnson's petition. Respondent argues that Johnson's petition should be denied with prejudice because Johnson's claims are procedurally barred, non-cognizable, and otherwise without merit.[2]

## II. DISCUSSION

### A. Procedural default

Before addressing the merits of Johnson's § 2254 petition, the court must make sure that Johnson has (1) exhausted his state court remedies and (2) avoided procedurally defaulting his claims during the state court proceedings. *Bocian v. Godinez*, 101 F.3d 465, 468 (7th Cir.1996). In this case, exhaustion is not at issue; respondent agrees that Johnson has exhausted his state court remedies. What is at issue is whether Johnson has procedurally defaulted many of his claims. Respondent argues that Johnson has.

■ Relevant to this case, there are three different ways that a petitioner can procedurally default his claims. These are (1) where the petitioner has completely failed to raise the claim in the state court system, *McGowan v. Miller*, 109 F.3d 1168, 1172 (7th Cir.1997); (2) where the state court has declined to hear the merits of the petitioner's claim because of his failure to comply with a state procedural rule, *Moore v. Parke*, 148 F.3d 705, 708

(7th Cir.1998); and (3) where the petitioner has failed to appeal a claim to the Illinois Appellate Court, *Jenkins v. Gramley*, 8 F.3d 505, 507 (7th Cir.1993).

■ If a petitioner has procedurally defaulted a claim, the petitioner may only raise the claim in federal court via a petition for habeas corpus if the petitioner shows either (1) that there is good cause for the default and actual prejudice therefrom or (2) that default would lead to a "fundamental miscarriage of justice." *Bousley v. United States*, 523 U.S. 614, 118 S.Ct. 1604, 1611, 140 L.Ed.2d 828 (1998); *Steward v. Gilmore*, 80 F.3d 1205, 1211 (7th Cir.1996). One way of showing "good cause" for procedural default is " 'to demonstrate that counsel's performance was so deficient as to violate the sixth amendment guarantee of effective assistance of counsel.' " *Momient–El v. DeTella*, 118 F.3d 535, 541 (7th Cir.1997) (quoting *Morrison v. Duckworth*, 898 F.2d 1298, 1300 n. 5 (7th Cir.1990)).

■ The fundamental miscarriage of justice exception is a narrow exception that "requires a claim that the defendant be actually innocent of the crime for which he or she is imprisoned." *Steward*, 80 F.3d at 1212. "Actual innocence" means factual innocence and not mere legal insufficiency. *Bousley*, 118 S.Ct. at 1611. To establish actual innocence, the petitioner must show that "in light of all of the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* (internal quotations omitted). " 'To be credible,' a claim of actual innocence must be based on reliable evidence not presented at trial." *Calderon v. Thompson*, 523 U.S. 538, 118 S.Ct. 1489, 1503, 140 L.Ed.2d 728 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)).

**2.** Contrary to respondent's argument, Johnson's petition is timely. *Gendron v. United States*, 154 F.3d 672, 675 (7th Cir.1998).

### 1. Complete failure to raise claims in state court proceedings

Respondent argues that Johnson has procedurally defaulted many of his claims because he completely failed to raise these claims in the state courts. The court agrees.

■ A federal habeas petitioner must present his federal constitutional claims to the state court in order to allow the state court the fair " 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.' " *McGowan,* 109 F.3d at 1172. A federal claim has been fairly presented to a state court if the petitioner " 'has clearly informed the state court of the factual basis of that claim and has argued to the state court that those facts constituted a violation of the petitioner's constitutional rights.' " *Steward,* 80 F.3d at 1211. "It is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." *Momient–El,* 118 F.3d at 539.

■ To determine whether a petitioner fairly presented a federal claim in state court, the court looks at whether the petitioner's argument to the state court "(1) rel[ied] on pertinent federal cases employing constitutional analysis; (2) rel[ied] on state cases applying constitutional analysis to a similar factual situation; (3) assert[ed] the claim in terms so particular as to call to mind a specific constitutional right; or (4) allege[d] a pattern of facts that is well within the mainstream of constitutional litigation." *Bocian,* 101 F.3d at 469. The presence of any one of the above factors, especially the first and second, does not automatically avoid procedural default. *Id.* Rather, the court must consider the specific facts of each case. *Id.*

### a. Johnson's claim that his trial counsel was ineffective because he failed to enter the doctor's bill into evidence

In his "Arguments for Relief," Johnson argues that his trial counsel was ineffective because he failed to enter into evidence a bill from Northwestern Hospital for services rendered on June 9, 1985. (Pet'r Supp. Argu. 2B.) The court finds that Johnson has procedurally defaulted this claim.

■ Having reviewed the entire record, the court finds that Johnson did not raise this claim in the state courts. The closest that Johnson comes to raising the claim is in his post-conviction petition. In one portion of that document, Johnson claims that he was denied his Sixth Amendment right to effective assistance of counsel. (Resp't Ex. C at 2.) Johnson does not elaborate on this claim. Three pages later, Johnson states that he has attached "[d]ocuments Which show court Erred In denying the Defendant his sixth amendment." (*Id.* at 5.) Johnson then attached a medical bill from Northwestern Hospital for services rendered on June 9, 1985. (*Id.* at 5.) Viewing Johnson's post-conviction petition in whole, the court finds that this type of presentation is not sufficient to satisfy the requirement of fair presentment to the state courts. Not only did Johnson not cite any relevant federal or state cases applying constitutional analysis, Johnson did not present the facts of his claim in any way. Thus, the court finds that Johnson failed to present this claim to the state courts.

Because Johnson failed to present this claim to the state courts, this court can only consider the merits of the claim if Johnson shows good cause for the default and actual prejudice therefrom or actual innocence. Johnson has made no claim or showing of actual innocence. Thus, the issue is whether Johnson has shown good cause for and actual prejudice from the failure to raise the claim.

The only attempt Johnson makes at explaining his failure to present this claim is his answer to question 14 of his § 2254 petition. Question 14 states: "If any of the grounds [for relief] were not previously

presented in any court, state or federal, state briefly what grounds were not so presented, and give your reasons for not presenting them." Johnson simply responded: "All grounds not previously presented because of ineffective counsel." [3]

■ Johnson does not explain which of his counsel he believed to be constitutionally ineffective in failing to present the claim. Thus, Johnson may be asserting either that his appellate counsel or one of his attorneys from his post-conviction proceedings was ineffective. However, ineffective assistance of post-conviction counsel "is not itself a cognizable federal constitutional violation and may not serve as cause for procedural default." *Steward*, 80 F.3d at 1212; *Cawley v. DeTella*, 71 F.3d 691, 695 (7th Cir.1995); *see also* 28 U.S.C. § 2254(i). Further, Johnson himself prepared the post-conviction petition. Thus, the issue is whether Johnson has shown good cause by showing that his appellate counsel was constitutionally ineffective for failing to present this claim on Johnson's direct appeal.

A petitioner can establish cause for a procedural default by showing that he received ineffective assistance of counsel. *Pisciotti v. Washington*, 143 F.3d 296, 300 (7th Cir.1998); *Momient–El*, 118 F.3d at 541. However, before the petitioner may use the ineffectiveness claim to establish good cause for a procedural default, the petitioner must present his ineffectiveness claim to the state courts as an independent claim. *Murray v. Carrier*, 477 U.S. 478, 489, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986); *Momient–El*, 118 F.3d at 542.

■ In this case, Johnson never presented to the state courts his claim that his appellate counsel was ineffective in any way. *See infra* Part II.A.1.d (explaining

that Johnson has procedurally defaulted his claim of ineffective assistance of appellate counsel because he never presented the claim to the Illinois courts). The Illinois courts were not given the opportunity to address this constitutional issue at any stage of the proceedings. For that reason alone, Johnson cannot use his claim of ineffective assistance of appellate counsel to establish good cause for his procedural default. *See Momient–El*, 118 F.3d at 542.

There are two other problems with Johnson's claim of ineffective assistance of appellate counsel. The first is that Johnson has only alleged in general and conclusory terms that he received ineffective assistance of appellate counsel because his appellate counsel "failed to argue all of the issues," "argued two issues without any records or affidavits," and "never contacted plaintiff to ask for hindsight thus having key pieces of evidence waived in future proceedings." (Pet'r Supp. Argu. 7.) Further, Johnson makes no effort to explain how he was prejudiced by his appellate counsel's alleged shortcomings, which is a fundamental requirement of his claim of ineffective assistance of appellate counsel. *See, e.g., Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Arango–Alvarez v. United States*, 134 F.3d 888, 890 (7th Cir.1998). Thus, Johnson's generalized and conclusory allegations fall well short of what is needed to make out a claim for ineffective assistance of appellate counsel. *See Hernandez v. Cooper*, 28 F.Supp.2d 498, 511 (N.D.Ill. 1998).

■ The second other problem is that the court finds that Johnson's appellate counsel was not ineffective for failing to raise this issue on appeal. Appellate counsel's performance is constitutionally defi-

---

**3.** Respondent reads this statement not as an attempt to explain his failure to present the claims to state court but as an independent claim for ineffective assistance of counsel. Respondent then argues that this claim should be dismissed because it does not explain the basis for the claim at all. The court

does not find that Johnson was attempting to state an independent claim; however, the court does agree that if Johnson were, the claim would fail for failure to explain adequately to the court what the factual basis for the claim was.

cient where counsel fails to raise issues that are (1) obvious and (2) clearly stronger than the one raised. *Kelly v. United States,* 29 F.3d 1107, 1112 (7th Cir.1994). Having reviewed Johnson's appellate brief and the trial transcript, the court finds that this issue was not obvious or clearly stronger than the two issues raised on Johnson's direct appeal. Accordingly, the court finds that Johnson has failed to establish good cause for his failure to raise this claim in the state courts and, thus, dismisses this claim with prejudice.

### b. Johnson's claim that his trial counsel was ineffective because he failed to bring up the fact that Johnson comes from a "mixed family"

■ In his "Arguments for Relief," Johnson argues that his trial counsel was ineffective because he failed to bring up the fact that Johnson comes from a "mixed family." (Pet'r Supp. Argu. 3.) The court finds that Johnson has procedurally defaulted this claim.

Having reviewed the entire record, the court finds that Johnson did not raise this claim in the state courts. The closest that Johnson comes to raising this claim is in his post-conviction petition. As one ground for post-conviction relief, Johnson claims that he was denied his Sixth Amendment right to effective assistance of counsel. (Resp't Ex. C at 2, ¶ G.) Johnson does not elaborate on this claim. Johnson never states anywhere that his trial counsel was ineffective because he failed to bring up the fact that Johnson comes from a "mixed family." Further, Johnson has made no claim or showing of actual innocence or good cause for his failure to present the claim for the same reasons that he failed to make such a showing for the claim previously discussed. *See supra* Part II.A.1.a. Thus, the court finds that Johnson has procedurally defaulted this claim and dismisses it with prejudice.

### c. Johnson's claims that the trial court erred by not allowing Michael Henderson and Michael Baryalski to testify to certain matters

■ In his "Arguments for Relief," Johnson claims that "the tr[ia]l court erred in not allowing statement in full to be heard Michael Henderson stated plaintiff stated he still wanted to kill Lugan 10–14–85[.] Judge states it was beyond scope. Also Barowski co def. stated Johnson never returned after 6–11–85 to house." (Pet'r Supp. Argu. 6A.) The court finds that Johnson has procedurally defaulted these claims.

Although it is difficult to read, the court reads Johnson's argument as claiming that the trial court erred because it did not allow (1) Michael Henderson to testify to the fact that Johnson stated on October 14, 1985 that he still wanted to kill the murder victim and (2) Michael Baryalski to testify that Johnson never returned to his house after June 11, 1985. Johnson does not explain how these alleged errors constitute a constitutional violation. That is unimportant, however, because Johnson has never presented these claims to the state courts in any way. Further, Johnson has made no showing of actual innocence or good cause for his failure to raise these claims for the same reasons that he failed to make such a showing for the two claims previously discussed. *See supra* Parts II.A.1.a–b. Accordingly, the court finds that Johnson has procedurally defaulted these claims and dismisses these claims with prejudice.

### d. Johnson's claim that appellate counsel was ineffective because she failed to argue all of the issues and failed to contact Johnson

■ In his "Arguments for Relief," Johnson argues that "counsel was ineffective on direct appeal because she failed to argue all the issues[.][T]he attorney only argued two issues without any records or affidavits[.] Also never contacted plaintiff to ask for hindsight thus having key pieces

of evidence waived in future proceedings." (Pet'r Supp. Argu. 7.) The court finds that Johnson has procedurally defaulted this claim.

Having reviewed the entire record, the court finds that Johnson never presented this claim to the state courts. Nowhere in the record does Johnson complain about the performance of his appellate counsel, even though he does raise approximately nineteen other grounds for post-conviction relief including the alleged ineffectiveness of his trial counsel. In addition, the court finds that Johnson has made no claim or showing of actual innocence or good cause for the failure to present this claim. Accordingly, the court finds that Johnson has procedurally defaulted this claim and dismisses it with prejudice.

### e. Johnson's claim that the State's Attorney erred by not requesting a fitness hearing for Johnson

In his "Arguments for relief," Johnson claims that "the states attorney erred in not asking for a BCX hearing[.] He also [k]new of plaintiff[']s history." (Pet'r Supp. Argu. 5.) Johnson does not specify what constitutional provision he believes this violates. That is unimportant, however, because Johnson has procedurally defaulted this claim.

Having reviewed the entire record, the court finds that Johnson did not raise this claim in the state courts. Johnson did claim in his post-conviction petition that his rights were violated because the trial court "fail[ed] to have a psychiatric examination administered to the defendant thus his sixth amendment was ... violated." (Resp't Ex. C at 5, ¶ O.) This claim, however, does not inform the trial court that he believed his constitutional rights were violated because the State never requested a fitness hearing for Johnson. That is too far of a stretch. Thus, Johnson failed to present this claim to the state courts. Further, Johnson made no claim or showing of actual innocence or good cause for his failure to present the claim for the same reasons that he failed to make such a showing for the claims previously discussed. *See infra* Part II.A.1.a–d. Thus, the court finds that Johnson has procedurally defaulted this claim and dismisses it with prejudice.

### f. Johnson's claim that his counsel was ineffective for failing to introduce a telephone record into evidence

In his "Arguments for Relief," Johnson states: "Michael Barowski co. def. testified that plaintiff ripped only phone out of the wall[.] Phone was ripped out of wall day of 6–10–85[.] Barowski stated phone was fixed a few days later[.] Telephone records showed phone was never out of order and collect call was excepted [sic] 6–11–85[.]" (Pet'r Supp. Argu. 2F.) It is not clear about what Johnson is complaining. Doing its best to understand the claim, the court reads this statement as Johnson claiming that his trial counsel was ineffective for failing to introduce into evidence a telephone record which showed that the telephone was never out of order and would thus show that Baryalski was not telling the truth.

Having reviewed the entire record, the court finds that Johnson never raised this claim in the state courts. In his post-conviction petition, Johnson did claim that he believed he was denied his Sixth Amendment right to effective assistance of trial counsel. (Resp't Ex. C at 2, ¶ G.) However, he did not elaborate further on this claim and certainly never mentioned a telephone record. Thus, the court finds that Johnson failed to present this claim to the state courts. The court also finds that Johnson has failed to show either actual innocence or good cause for the failure to present this claim for the same reasons that he failed to make such a showing with respect to the above claims. *See supra* Parts II.A.1.a–e. Accordingly, the court finds that Johnson has procedurally de-

faulted this claim and dismisses it with prejudice.

### g. Johnson's claim that his trial counsel was ineffective for failing to call/interview "Mr. Lunas"

In his "Arguments for Relief," Johnson claims that his trial counsel was ineffective because he failed to interview or call as a witness "Mr. Lunas ... who would have testifie[d] that police back dated police report and time of death from June 15 to 10th 1985." (Pet'r Supp. Argu. 2E.) The court finds that Johnson has procedurally defaulted this claim.

Having reviewed the entire record, the court finds that this claim was never presented to the state courts. In his post-conviction petition, Johnson does claim as error "witnesses not being called by Defence [sic] when their testimony was vital to outcome of the trial" and "council's [sic] failure to interview and investigate the wittnesses [sic] provided by the state wher[e] as th[ei]r testimony was exonerating." (Resp't Ex. C at 1–2, ¶¶ A–B.) However, nowhere in the post-conviction petition or hearing does Johnson or his attorney mention an individual by the name of "Mr. Lunas" or that there was an individual who would testify as Johnson claims "Mr. Lunas" would have testified. There is no reason for the state court to be aware of "Mr. Lunas" or what his testimony would have been. Thus, this claim was never presented to the state courts. Moreover, Johnson has failed to show either actual innocence or good cause for his failure to present the claim for the same reasons he failed to make a such a showing for the claims previously discussed. *See supra* Parts II.A.1.a–f. Accordingly, the court finds Johnson has procedurally defaulted this claim and dismisses it with prejudice.[4]

### 2. State court rejected claim based on adequate and independent state law ground

Respondent argues that Johnson has procedurally defaulted one of his claims, namely his claim that his trial counsel was ineffective because he rejected a plea offer made by the State without first communicating that offer to Johnson, because the appellate court rejected the claim on an adequate and independent state law ground. Specifically, respondent contends that the state courts rejected the claim because Johnson failed to follow a state procedural rule.

If a state court declines to hear a petitioner's constitutional claim because the petitioner failed to follow a state procedural rule, then the claim is procedurally defaulted and cannot be raised in the federal court in a habeas corpus proceeding. *Moore*, 148 F.3d at 708; *Pisciotti*, 143 F.3d at 300; *Boerckel v. O'Sullivan*, 135 F.3d 1194, 1197 (7th Cir.1998). This is because the state procedural rules constitutes an "independent and adequate state ground on which the decision rests." *Boerckel*, 135 F.3d at 1197. A rule of procedure is adequate to prevent federal collateral review only if the petitioner can be deemed to have been apprised of its existence at the time he omitted the procedural step in question. *Moore*, 148 F.3d at 709. Only a "firmly established and regularly followed state practice" prevents federal review. *James v. Kentucky*, 466 U.S. 341, 348–51, 104 S.Ct. 1830, 80 L.Ed.2d 346 (1984). The state rule of procedure must have been in place and enforced "by the time of which it is to be applied." *Ford v. Georgia*, 498 U.S. 411, 414, 111 S.Ct. 850, 112 L.Ed.2d 935 (1991).

At a hearing under the Illinois Post–Conviction Hearing Act, it is the defendant's burden to show a substantial deprivation of a constitutional right under

---

4. Even if the court were to find that Johnson raised this claim (or any of the claims raised in Part II.A.1.a–f) in his post-conviction petition, the court would nonetheless find that Johnson procedurally defaulted the claim by failing to appeal it to the Illinois Appellate Court. *See infra* Part II.A.3.

the United States Constitution or the Constitution of Illinois. *People v. Silagy*, 116 Ill.2d 357, 107 Ill.Dec. 677, 507 N.E.2d 830, 833 (1987). To do this, allegations in his petition must be supported by the record in the case or by accompanying affidavits. *Id.*[5]

■ In this case, one of the many claims that Johnson included in his post-conviction petition was his claim that his counsel was ineffective for failing to communicate a plea offer to him before rejecting that plea offer. In response to Johnson's post-conviction petition, the State filed a motion to dismiss. The circuit court held a hearing on the State's motion, at which Johnson was represented by attorney Valerie Panozzo–Gore. After hearing the parties' arguments, the circuit court found that Johnson had failed to support by either the record or affidavit his claim that his attorney failed to communicate the plea offer to him. (Post–Conviction Hr'g Tr. at C–19.) The circuit court therefore dismissed this claim as an unsupported conclusory allegation. (*Id.*)

Johnson appealed the circuit court's dismissal of his post-conviction petition. Alan Goldberg represented Johnson on this appeal. The only issue raised on appeal was "[w]hether the judge erred in dismissing the post-conviction petition, where the petition alleged that defense counsel rejected a plea offer made by the State without first communicating the offer to the defendant, and where the State's motion to dismiss assumed the truth of this allegation for purposes of the court's ruling on the motion to dismiss." (Resp't Ex. D at 2.) The appellate court denied the appeal, finding that Johnson had "failed to make a substantial showing that his constitutional rights were violated because the conclusory allegations in his petition were not supported by specific facts from either the record or accompanying affidavit." (Resp't Ex. E at 2.) Johnson filed a Peti-

tion for Leave To Appeal, which the Illinois Supreme Court denied. (Resp't Ex. F–G.)

The court finds that the state courts did reject Johnson's claim on an independent and adequate state court ground, i.e., for Johnson's failure to comply with a state procedural rule. In Illinois, the post-conviction petitioner is required to support his allegations with specific facts from the record or accompanying affidavits. Johnson failed to do so and, thus, failed to present his claim in the way required by Illinois law. At the time that Johnson submitted his post-conviction petition, this rule was in effect and regularly practiced and enforced in the Illinois courts. *See, e.g., Silagy,* 107 Ill.Dec. 677, 507 N.E.2d at 833; *People v. Gaines,* 105 Ill.2d 79, 85 Ill.Dec. 269, 473 N.E.2d 868 (1984); *People v. Curtis,* 48 Ill.2d 25, 268 N.E.2d 29 (1971). Thus, Johnson can be deemed to have been apprised of its existence at the time he submitted his post-conviction petition. Johnson has made no attempt to show either actual innocence or good cause for his failure to comply with this procedural rule. Accordingly, the court finds that this claim is procedurally defaulted and dismisses it with prejudice.

■ Even if Johnson had not procedurally defaulted this claim, the court would nonetheless refuse to review this claim because it violates Rule 2(c) of the Rules Governing Section 2254 Cases. Rule 2(c) requires a habeas petitioner to "specify all grounds for relief which are available" and "set forth in summary form the facts supporting each of the grounds thus specified." R. GOVERNING § 2254 CASES 2(c). Section 2254 and Rule 2(c) "do not 'require federal courts to review the entire state record of habeas corpus petitioners to ascertain whether facts exist which support habeas relief.'" *Hernandez,* 28 F.Supp.2d at 511. Notice pleading is

---

5. This is the rule that respondent argues is a state procedural rule. Johnson has made no

argument that this is not a procedural rule.

not accepted in habeas corpus proceedings. *Id.* Rather, the "petitioner 'is expected to state facts that point to a real possibility of constitutional error.'" *United States v. Gramley,* No. 98 C 1865, 1998 WL 867411, at *11 (N.D.Ill.Dec.3, 1998).

▮ In this case, Johnson's petition claims as a ground for relief "ineffective counsel ... failure to communicate plea bargain." (Pet'r Writ 3d Ground.) Johnson makes no attempt to state any facts in support of, or to give any content to, this claim. Thus, Johnson's claim is insufficient to satisfy Rule 2(c) and, thus, is not reviewable by this court.

### 3. Failure to appeal denial of certain claims included in Johnson's post-conviction petition

Respondent argues that Johnson has procedurally defaulted many of his claims because he failed to appeal these claims to the Illinois Appellate Court from the denial of his post-conviction petition. These are Johnson's claims that his constitutional rights were violated because (1) he was not afforded a fitness hearing, (Pet'r Writ 1st Ground; Pet'r Supp. Argu. 4); (2) his trial counsel was ineffective for (a) failing to call/interview certain witnesses, (Pet'r Writ 3d Ground; Pet'r Supp. Argu. 2, 2C); (b) failing to take a continuance when the State presented a surprise witness, (Pet'r Supp. Argu. 2D); (c) failing to ask for a fitness hearing, (Pet'r Supp. Argu. 1); (d) failing to object to the State's repeated use of racial overtones (Pet'r Supp. Argu. 3); and (e) failing to adduce evidence of Johnson's mental fitness, (Pet'r Writ 3d Ground); (3) he was denied his Sixth Amendment right to compulsory process for the attendance of available alibi witnesses, (Pet'r Writ 4th Ground); and (4) the State's Attorney coached and coerced

6. The court has done its best to read Johnson's pro se post-conviction petition and habeas corpus petition. To the extent that any of these claims were not presented in his post-

testimony of key witnesses, (Pet'r Writ 5th Ground).

▮ Whether Johnson has procedurally defaulted these claims for failing to appeal them to the appellate court is a question of state law. *Hogan v. McBride,* 74 F.3d 144, 146, *modified,* 79 F.3d 578 (7th Cir.1996). "Illinois treats failure to appeal [an order denying post-conviction relief] as a procedural default barring further review." *Jenkins,* 8 F.3d at 507; *see also United States v. Nelson,* No. 96 C 3992, 1999 WL 98313, at *2 (N.D.Ill. Feb.19, 1999). There is no independent federal doctrine that allows the district court to disregard a prisoner's failure to take an appeal under circumstances in which state law requires an appeal. *Jenkins,* 8 F.3d at 507.

Johnson raised all of the above claims either in his post-conviction petition or through his counsel at the hearing on the State's motion to dismiss his post-conviction petition.[6] However, Johnson did not raise these claims in his appeal to the appellate court from the denial of his post-conviction petition. (Resp't Ex. D.) In that appeal, Johnson only argued that the trial court should not have dismissed the post-conviction petition because "the petition alleged ... that defense counsel had received a plea offer from the State, but had rejected the offer without informing Thomas Johnson of the offer." (*Id.* at 5.) That was the only issue presented in Johnson's appeal to the appellate court; Johnson did not raise any of the above claims. Further, Johnson has made no attempt in his habeas petition to show either actual innocence or good cause for his failure to include those claims in his appeal or that failure to include the claims resulted from clearly inadequate representation, *see People v. Core,* 48 Ill.2d 544, 272 N.E.2d 12, 14 (1971). Thus, Johnson has procedurally defaulted these claims for failing to appeal them to the Illinois Appellate Court.

conviction petition, those claims are procedurally defaulted for failure to present the claims to the state courts. *See supra* Part II.A.1.

It is true that Johnson petitioned the Illinois Supreme Court for leave to appeal the appellate court's decision. To do this, Johnson submitted a "LETTER REQUEST IN LIEU OF PETITION FOR LEAVE TO APPEAL," in which Johnson requested that "the Illinois Supreme Court consider the decision in my case by the Court of Appeals, dated 6–14, 1997, together with the briefs filed in said Court by all parties, and the trial court record, to determine whether leave to appeal or other relief should be granted to me." To this document Johnson attached many documents, including his pro se post-conviction petition. Thus, one might argue that Johnson did appeal his claims because he included them in his petition for leave to appeal to the Illinois Supreme Court.

The court rejects this argument. First, Johnson only asked the court to review the appellate court's decision, which did not address the above claims because Johnson had not raised them. Second, Illinois law required Johnson to appeal his claims to the appellate court. *Momient–El*, 118 F.3d at 540 (citing *Farrell v. Lane*, 939 F.2d 409, 411 (7th Cir.1991); *Morrison*, 898 F.2d at 1300 n. 5). The Supreme Court of Illinois would not consider those claims which Johnson did not raise in the appellate court except in very limited circumstances, which Johnson has failed to show are present in this case. *See Dineen v. City of Chicago*, 125 Ill.2d 248, 126 Ill.Dec. 52, 531 N.E.2d 347, 353 (1988); *People v. Barnard*, 104 Ill.2d 218, 83 Ill. Dec. 585, 470 N.E.2d 1005, 1008 (1984).

In sum, this court finds that Johnson has procedurally defaulted the above claims because he failed to appeal those claims to the Illinois Appellate Court. His later attempt to try to include those claims in his petition for leave to appeal to the Illinois Supreme Court did not rectify the default. Accordingly, this court finds that

Johnson has defaulted the above claims and dismisses all of them with prejudice.[7]

## B. *Non-cognizable claims*

Respondent argues that several of Johnson's claims are non-cognizable in this habeas corpus proceeding. These are Johnson's claims that (1) his post-conviction counsel was ineffective, (Pet'r Writ 7th Ground; Pet'r Supp. Argu. 8); (2) his counsel on rehearing of his post-conviction petition was ineffective, (Pet'r Supp. Argu. 10); (3) he did not receive a fair hearing in his state court proceedings because he received ineffective counsel throughout, all post-conviction decisions were made without receiving the record, and the Illinois Supreme Court denied hearing the case, (Pet'r Writ 6th Ground); and (4) the trial court should not have dismissed his post-conviction petition because records were available to show that he should have been given a fitness hearing, (Pet'r Supp. Argu. 9).

The court agrees with respondent that none of these claims are cognizable in this federal habeas corpus proceeding. In claims 1 and 2, Johnson complains that his post-conviction counsel was ineffective. However, § 2254(i) provides that "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i); *see also Steward*, 80 F.3d at 1212. Thus, the court dismisses those claims with prejudice.

Johnson makes various claims in claim 3. Johnson first complains in claim 3 that he "received ineffective counsel throughout [his state court proceedings]." To the extent that he is complaining about all of the attorneys that represented him during his

---

7. The Seventh Circuit's decision in *Boerckel v. O'Sullivan*, 135 F.3d 1194 (7th Cir.), *cert. granted in part*, —— U.S. ——, 119 S.Ct. 508, 142 L.Ed.2d 421 (1998), does not affect the outcome in this case. Unlike the petitioner in *Boerckel*, Johnson never appealed the denial of the above claims to the Illinois Appellate Court. *See Nelson*, 1999 WL 98313, at *3 n. 1.

post-conviction proceedings, that claim is rejected and dismissed with prejudice for the reason given above. To the extent that he claims that his appellate counsel was ineffective, that claim is rejected because he failed to present this claim to the state courts. *See supra* Part II.A.1.d (finding that Johnson procedurally defaulted his claim that his appellate counsel was ineffective). To the extent that he claims that his trial counsel was ineffective, that claim is rejected because it fails to meet the requirements of Rule 2(c) of the Rules Governing § 2254 Cases and because Johnson has procedurally defaulted all his ineffective assistance of trial counsel claims because he either failed to present those claims in state court or failed to appeal them to the state's highest court. *See supra* Parts II.A.1 & 3. Thus, the court dismisses claim 3 with prejudice insofar as it is based on Johnson's claim of ineffective assistance of counsel.

■ Johnson's next claim in claim 3 is that "all post conviction decisions were made without receiving the record." This is closely related to claim 4 that "the trial court should not have dismissed his post-conviction petition because records were available to show that he should have been given a fitness hearing." (Pet'r Supp. Argu. 9). The gist of both of these claims is that the state courts made errors in conducting his post-conviction proceedings. However, "federal habeas corpus [can] provide no relief for errors in state collateral review unless the review violates some other constitutional right, such as the right to equal protection." *Jackson v. Duckworth,* 112 F.3d 878, 880 (7th Cir.1997). While Johnson complains about alleged errors made by the trial court in his post-conviction review, Johnson makes no allegations that those alleged errors violate any of his constitutional rights, such as the right to equal protection. Thus, Johnson has not advanced a cognizable constitution-

al claim. Accordingly, the court dismisses this portion of claim 3 and claim 4 with prejudice.

■ Johnson's final claim in claim 3 is that "the Illinois Supreme Court denied hearing the case and thus denied the defendant the right to appeal." However, there is no federal constitutional right to appeal to the Illinois Supreme Court. *See Boerckel,* 135 F.3d at 1200 ("It is within the sound discretion of the Illinois Supreme Court to decide whether to review the bulk of the decisions of the Appellate Court of Illinois."). Accordingly, the court dismisses this portion of claim 3 with prejudice.

## C. *The merits of Johnson's only remaining claim*

There is only one claim left in Johnson's habeas corpus petition. This is Johnson's claim that his "conviction [was] obtained by action of jury which was unconstitutionally selected and impaneled. Defendant was denied a comprehensive jury selection and jury was racially biased" and "the trial court refused to allow trail [sic] lawyer any probing questions." (Pet'r Writ.2d Ground; Pet'r Supp. Argu. 6.) The court reads this claim as claiming that the trial court denied Johnson his Sixth Amendment right to a fair and impartial jury because the trial court's *voir dire* did not adequately probe the jurors' ability to be fair and impartial.[8]

■ Johnson filed his § 2254 petition after April 24, 1996; therefore, the current version of § 2254 governs this court's analysis. *Long v. Krenke,* 138 F.3d 1160, 1163 (7th Cir.1998). A writ of habeas corpus may issue on Johnson's Sixth Amendment claim only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as deter-

---

8. This is the claim raised by Johnson on his direct appeal and in his post-conviction proceedings. To the extent that Johnson is attempting to claim something more than this, such as that the jury was racially biased, that claim would be dismissed for failure to present the claim to the state courts. *See supra* Part II.A.1.

mined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2). The court presumes that the state court's factual findings are correct unless the petitioner rebuts this presumption with clear and convincing evidence. *Id.* The court reviews the state court's legal determinations, as well as mixed questions of law and fact, de novo. *Id.*

The Sixth Amendment and the Due Process Clause of the Fourteenth Amendment guarantee a criminal defendant the right to be tried before an impartial jury. *Morgan v. Illinois,* 504 U.S. 719, 727, 112 S.Ct. 2222, 119 L.Ed.2d 492 (1992). *Voir dire* is the primary method through which that right is assured. *See Britz v. Thieret,* 940 F.2d 226, 230 (7th Cir.1991). The trial court has wide discretion in choosing the course of inquiry during *voir dire* to ascertain whether the prospective jurors hold any bias or prejudice that would prevent them from reaching a verdict based solely on the evidence presented at trial. *Mu'Min v. Virginia,* 500 U.S. 415, 427, 111 S.Ct. 1899, 114 L.Ed.2d 493 (1991). Further, the trial court has broad discretion in deciding what questions should be asked on *voir dire. Id.* at 424, 111 S.Ct. 1899. Failure to ask a specific question rises to the level of constitutional error only when the trial is rendered fundamentally unfair. *Id.* at 425–26, 111 S.Ct. 1899.

Johnson has failed to supply Supreme Court case law in support of his contention that the trial court's *voir dire* was constitutionally insufficient. *See Long,* 138 F.3d at 1164. In addition, Johnson has not identified or alleged that any particular juror was biased. Finally, he has not even identified a relevant bias that he believed the trial court's *voir dire* failed to address.

The court has reviewed the trial transcript of the jury selection process in this case as well as the appellate court's order finding that the trial court's *voir dire* was constitutionally sufficient. Given the state trial court's great latitude in deciding what questions should be asked, this court finds that the *voir dire* examination in this case was constitutionally sufficient and did not render Johnson's trial fundamentally unfair. Thus, the Illinois Appellate Court's determination that the trial court's *voir dire* was constitutionally sufficient was neither "contrary to or ... an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" nor "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Accordingly, the court rejects Johnson's claim that he was denied his Sixth Amendment right to an impartial jury and dismisses this claim with prejudice.

## III. *CONCLUSION*

The court has reviewed the entire record in this case. There is no need for an evidentiary hearing; thus, this court is required to "make such disposition of the petition as justice shall require." *See* R. Governing § 2254 Cases 8(a). In this case, justice requires that Thomas Johnson's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied. Accordingly, the court denies Thomas Johnson's petition for habeas corpus with prejudice and dismisses this case with prejudice.